


1:06-CV-00835-MEF-VPM
Page 2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**

**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2006 SEP 18 A 11:06

| **United States District Court** | District |
|---|---|

| Name (under which you were convicted): Todd Ray Blackmon | Docket or Case No.: cc-03-168/03-169 |
|---|---|

| Place of Confinement: DRAPER Correctional Facility | Prisoner No.: #239084 |
|---|---|

| Petitioner (include the name under which you were convicted) Todd Ray Blackmon | v. | Respondent (authorized person having custody of petitioner) James Deloach |
|---|---|---|

| The Attorney General of the State of Alabama (TRoy King) |
|---|

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Henry County Circuit Court, Abbeville, Al

   (b) Criminal docket or case number (if you know): CC-03-168; CC-03-169

2. (a) Date of the judgment of conviction (if you know): 01-21-05

   (b) Date of sentencing: January 21, 05

3. Length of sentence: Two life sentences to run concurrently.

4. In this case, were you convicted on more than one count or of more than one crime?    Yes ☑    No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: Robbery in the first degree — Two separate indictments with one count contained in each indictment.

6. (a) What was your plea? (Check one)

   (1)    Not guilty ☑             (3)    Nolo contendere (no contest) ☐

   (2)    Guilty ☐               (4)    Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _Did Not plead guilty._
_(Jury trial)._

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☑          Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐  No ☐

8. Did you appeal from the judgment of conviction?

Yes ☑  No ☐

9. If you did appeal, answer the following:

(a) Name of court: _Court Of Criminal Appeals (State of Ala)_

(b) Docket or case number (if you know): _CR-04-1076_

(c) Result: _Denied and or Affirmed by Memorandum opinion._

(d) Date of result (if you know): _August 19, 2005_

(e) Citation to the case (if you know): _Unknown._

(f) Grounds raised (1) _The State did Not present sufficient evidence to support a conviction. (2) The trial Court erroneously allowed the State to Re-opon its case-in-chief. (3) The trial court erroneously overruled his objection to the prosecutor's Rebuttal closing arguments._

(g) Did you seek further review by a higher state court?    Yes ☑ No ☐

If yes, answer the following:

(1) Name of court: _The Supreme Court of Alabama_

(2) Docket or case number (if you know): _1041951_

(3) Result: _Denied, by writ of certiorari_

(4) Date of result (if you know): _March 10, 2006 (certificate Of Judgment.)_

(5) Citation to the case (if you know): _Unknown._

(6) Grounds raised: _Same as above._

(h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐ No ☑

If yes, answer the following:

(1) Docket or case number (if you know): _____ *N/A* _____

(2) Result: _____ *N/A* _____

_____ *N/A* _____

(3) Date of result (if you know): _____ *N/A* _____

(4) Citation to the case (if you know): _____ *N/A* _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: *Circuit Court of Henry County, Alabama*

(2) Docket or case number (if you know): *CC-03-168.60 ; CC-03-169.60*

(3) Date of filing (if you know): *May 14, 2006*

(4) Nature of the proceeding: *Post Conviction Petition (Rule 32)*

(5) Grounds raised: *(1): The Circuit Court was without in personam jurisdiction, lack of jurisdiction, excess of jurisdiction because of the Dist. courts irregular process of the absence of a written deposition; complaint in the charging instruments as being a bare-bone allegation & Re-citation of the Ala. statutory language; where the Dist. Court of Henry County, Al. used a fictitious & Bogus name unauthorized to sign Blackmon's charging instruments; And Blackmon is entitled under the "Open courts" provision.*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐ No ☑

(7) Result: *These issues are on Appeal (No Rulings have been Made yet.)*

(8) Date of result (if you know): *No Rulings have been Made yet.*

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____ *N/A* _____

(2) Docket or case number (if you know): _____ *N/A* _____

(3) Date of filing (if you know): _____ *N/A* _____

(4) Nature of the proceeding: _____ *N/A* _____

(5) Grounds raised: _____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐  No ☑

(7) Result: _____ *N/A* _____

(8) Date of result (if you know): _____ *N/A* _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____ *N/A* _____

(2) Docket or case number (if you know): _____ *N/A* _____

(3) Date of filing (if you know): _____ *N/A* _____

(4) Nature of the proceeding: _____ *N/A* _____

(5) Grounds raised: _____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

_____ *N/A* _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐  No ☑

(7) Result: _____ *N/A* _____

(8) Date of result (if you know): _____ *N/A* _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:      Yes ☑  No ☐

(2) Second petition:   Yes ☐  No ☐   *N/A*

(3) Third petition:    Yes ☐  No ☐   *N/A*

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: *Will exhaust my post conviction petition to the Ala. Supreme Court in the near future. Therefore the date is unknown, at this time.*

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: → Circuit Court of Henry County WAS without in Personam jurisdiction; lack of jurisdiction; exceeded jurisdiction of the subject matter because the Dist. Court irregular process & absence of a written deposition in violation of the U.S. Const. 4th, 5th, 6th, 14th Amend.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The circuit court's irregular process & void process in the Dist. courts void process of that court's absence of any written deposition to support an arrest warrant from the charging instruments. There WAS No sworn and subscribed affidavits given to any Judge/Magistrate or warrant clerk to support a arrest warrant and indictment. Only a police officer (# Clyde Hornsby from the Abbeville's Sheriff's dept signed the complaint.

(b) If you did not exhaust your state remedies on Ground One, explain why: I am presently on appeal from the denial of my Rule 32 post-conviction petition to the Ala. Court of Criminal Appeals and therefore no Rulings have been made yet on this ground one.

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: I WAS appointed counsel by the Henry County's Circuit Court and this counsel only Raised issues in his behalf and Not mines.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 32 post conviction petition

Name and location of the court where the motion or petition was filed: Henry County Circuit court, Abbeville, Al

Docket or case number (if you know): CC-03-168.60 ; CC-03-169.60

Date of the court's decision: Denied by the Cir. Court on 06-15-06

Result (attach a copy of the court's opinion or order, if available): _The Circuit Courts case action Summary of the denial will be attach with this application. See also entire Rule 32 petition of the transcript attached. p. 88, 94._

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Court of Criminal appeals state of Ala. 300 Dexter Ave. P.O. Box 301555 - Montg. Al 36130_

Docket or case number (if you know): _CR-05-1873_

Date of the court's decision: _This Appeal is still pending in that court._

Result (attach a copy of the court's opinion or order, if available): _See "Notice" of Blackmon's Appeal dated July 31, 2006 attached with this application. And the Record (Transcript) of Blackmon's Rule 32 petition._

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _Have Raised issue._

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _I have file an appeal on my motions of (1); Motion in arrest of judgment. (2) Motion for New Trial to the Cir. Court of Henry County under the Rules of Court (Ala) (Ala. R. Civ. Pro), Rule 59 (a)(b)(e), Rule 60 (b) by leave of the Appellate Court. (Court of Criminal appeals.)_

**GROUND TWO:** _Irregular process of the circuit Court in the Dist. Court's Complaint of the charging instruments in violation of U.S. Const. 4th, 5th, 14th Amend._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _Blackmon has alleged that his U.S. Const. was violated because the complaints that was filed in the Henry County's Dist. Court was the result of a Barebone conclusion, No sworn affidavits to support the complaints, absense of any written statements of the essential facts, where the police signed the two complaints in which he Never witness the corpus delicti. And where the complaint was signed by a bogus and fictitious name unauthorized to issue an complaint and Arrest warrant._

(b) If you did not exhaust your state remedies on Ground Two, explain why: *I am presently on appeal to the Ala. Court of Criminal Appeals, in this Rule 32 post conviction petition. Therefore no rulings have been made as of yet.*

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: *I was appointed counsel by the Henry County's Circuit Court and this counsel only raised issues in his behalf and not in my behalf.*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Rule 32 post conviction petition.*

Name and location of the court where the motion or petition was filed: *Henry County's Circuit Court, Abbeville, Al*

Docket or case number (if you know): *CC-03-168.60 ; CC-03-169.60*

Date of the court's decision: *Denied by the Cir. Court on 06-15-06*

Result (attach a copy of the court's opinion or order, if available): *See Rule 32 petition's transcript on record (case action summary - see p. 88, 94*

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *The Henry County's Circuit Court, Abbeville, Al*

Docket or case number (if you know): *CC-03-168.60 ; CC-03-169.60/CR-05-1873*

Date of the court's decision: *Denied on 06-15-06*

Result (attach a copy of the court's opinion or order, if available): *See Blackmon's Rule 32 petition's record of the transcript of p. 88, 94 the Cir. Court's case action summary sheet.*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_Have Raised issue._

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _I have filed an appeal on my motions of (1): Motion in arrest of judgment, (2): Motion for New trial to the Cir. Court of Henry County under the Ala. R. Civ. P., Rule 59 (a) (b) (e), Rule 60 (b) by leave of the Appellate Court (Court of Criminal Appeals)._

**GROUND THREE:** _Cir. Court was without in personam jurisdiction; lack of jurisdiction; exceeded jurisdiction because Shirlene Vickers was unauthorized to sign the charging instruments_
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _where Ms. Shirlene Vickers was unauthorized to sign the Henry County's District Courts charging instruments of that courts Complaints and Arrest Warrants and where this name is a bogus and fictitious name under a Magistrate/Judge/Warrant clerk. Therefore the Cir. Court endorsed the Dist. Courts irregular process inwhich resulted in a void process._

(b) If you did not exhaust your state remedies on Ground Three, explain why: _I am presently on appeal to the Court of Criminal Appeals from my Rule 32 petition. Therefore No Ruling has been made in the appeal._

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: _I was appointed counsel by the Henry County's Circuit Court and this counsel only Raised issues in his behalf and not in my behalf._

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Rule 32 post conviction petition_

Name and location of the court where the motion or petition was filed: _The Henry County's Circuit Court, Abbeville, Al_

Docket or case number (if you know): _CC-03-168.60; CC03-169.60_

Date of the court's decision: _Denied 06-15-06._

Result (attach a copy of the court's opinion or order, if available): _See Record of Transcript of Rule 32 petition p. 88, 94._

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _The Henry County's Circuit Court to the Court of Criminal Appeals State of Alabama._

Docket or case number (if you know): _CC-03-168.60; 03-169.60/cr-05-1873._

Date of the court's decision: _06-15-06_

Result (attach a copy of the court's opinion or order, if available): _See Transcript of Rule 32 case action summary sheet p. 88, 94_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _Have Raised issue_

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _I have filed an appeal on my motions of (1): Motion in arrest of judgement. (2): Motion for New trial to the Cir. Court of Henry County under the Ala. R. Civ. P., Rule 59 (a)(b)(e), Rule 60 (b), by leave from the Appellate Court - Court of Criminal Appeals;_

**GROUND FOUR:** _Blackmon is entitled to the "Open courts" provision in Raising his U.S. Constitutional claims & Ala. Const. of 1901 claims._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _Blackmon raises all of his issues - one through four in his Rule 32 petition from various U.S. Constitutional violations and Alabama Constitutional violations under the Ala. Const. of 1901 "Open Courts" provision and under Lex terrae of Pennzoil Co. v. Texaco, INC. 481 U.S. 95 L.Ed.2d. INwhich he is completely entitled by law. And where this Ala. statute_

has Never been Repeal or implied Repeal by the
Alabama Legislature under Ala. Const. of 1901 Art 1, sec. 13

(b) If you did not exhaust your state remedies on Ground Four, explain why: I am presently on
appeal to the Ala. Court of Criminal Appeals State of Ala.
from the denial of My Rule 32 petition of the Circuit
Court and therefore there has been No Rulings from
the appellate court as of yet.

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑  No ☑

(2) If you did not raise this issue in your direct appeal, explain why: I was appointed by
counsel and counsel only raised issues in his behalf.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑  No ❑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 32 post conviction petition.

Name and location of the court where the motion or petition was filed: Henry County's
Circuit Court, Abbeville, Al

Docket or case number (if you know): CC-03-168.60 ; CC-03-169.60

Date of the court's decision: Denied on 06-15-06

Result (attach a copy of the court's opinion or order, if available): See case action sum-
mary from the Circuit Courts (transcript-record)
of p. 88 ; 94.

(3) Did you receive a hearing on your motion or petition?

Yes ❑  No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑  No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑  No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Henry County's Circuit
Court, Abbeville, Al

Docket or case number (if you know): CR-05-1873

Date of the court's decision: No decision or Ruling have been Made.

Result (attach a copy of the court's opinion or order, if available): No Rulings have been
Made yet. Appeal still pending in court.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _Have raised issue._

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _I have filed an appeal on my Motions of (1): Motion in arrest of Judgment. (2): Motion for New Trial to the Cir. Court of Henry County under Ala. R. Civ. P., Rule 59 (a)(b)(e); Rule 60 (b) by leave of the Appellate Court (Al. Court of Criminal Appeals)._

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☐  No ☑

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _All grounds because my appeal to the Ala. Court of Criminal Appeals have just begun. See Notice of July 31, 2006 from this Court of Criminal Appeals. And I will appeal to the highest Court; Ala Supreme Court._

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _All of the grounds listed in this Fed. Application because an appeal has just begun in the Ala. Court of Criminal Appeals. See July 31, 06 Notice from that Court._

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    Yes ☐  No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _N/A_

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   Yes ☑ No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. *Court of Criminal Appeals (State of Alabama) 300 Dexter Ave. P.O. Box 301555 - Montg. Al 36130-1555. (CR-05-1823) post conviction (Rule 32) Appeal. All four Issues Raised in this Fed. Application (28 U.S.C § 2254)*

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: *Mr. Samuel J. Clenney, III - P.O. Box 160 - 103 E. Court Square - Abbeville, Al 36310*

(b) At arraignment and plea: *Mr. Samuel J. Clenney, III Address same as above.*

(c) At trial: *Mr. Samuel J. Clenney, III address same as above.*

(d) At sentencing: *Mr. Samuel J. Clenney, III address same as above.*

(e) On appeal: *Mr. Samuel J. Clenney, III address same as above.*

(f) In any post-conviction proceeding: *N/A*

(g) On appeal from any ruling against you in a post-conviction proceeding: *N/A*

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: *N/A*

(b) Give the date the other sentence was imposed: *N/A*

(c) Give the length of the other sentence: *N/A*

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ☐ No ☑

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The petitioner Todd Ray Blackmun is in the prescribed time to Submit his 28 U.S.C. §2254 petition to this court.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _To vacate both illegal_
_Convictions (CC-03-168; 169) based on the issues presented_
_in this petition and for this Court to grant relief as deemed._

or any other relief to which petitioner may be entitled.


_None_
_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this

Petition for Writ of Habeas Corpus was placed in the prison mailing system on _Sept. 14, 2006_____

_____ (month, date, year):


Executed (signed) on _Sept. 14, 2006_____ (date).


_Todd Blackmon_
_____

Signature of Petitioner  _(pro-se)_


If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing

this petition. _____

_____

_____


* * * * *

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

### (Pursuant to Rule 32,
Alabama Rules of Criminal Procedure)

1.00 CV-835-MEF

Case Number

CC    03    168; 169
ID     YR    NUMBER

IN THE **CIRCUIT** COURT OF **HENRY**, ALABAMA

**TODD RAY BLACKMON**   vs.   **STATE OF ALABAMA**
Petitioner (Full Name)                 Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number **#239084**    Place of Confinement **DRAPER C-C. facility.**

County of conviction **Henry County, Alabama**

NOTICE:   BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack **The Circuit Court of HENRY County, Ala.**

2. Date of judgment of conviction **01-21-05**

3. Length of sentence **2-Life sentences to run CONCURRENT**

4. Nature of offense involved (all counts) **two counts RobbeRY in the first degree**

5. What was your plea?   (Check one)

   (a)   Guilty _____

   (b)   Not guilty ___✓___

   (c)   Not guilty by reason of mental disease or defect _____

   (d)   Not guilty and not guilty by reason of mental disease or defect _____

1

Kind of trial (Check one)

(a)  Jury _✓_          (b)  Judge only _____

7.  Did you testify at the trial?

Yes _____          No _✓_

8.  Did you appeal from the judgment of conviction?

Yes _✓_          No _____

9.  If you did appeal, answer the following:

(a)  As to the state court to which you first appealed, give the following information:

(1)  Name of court _Court of Criminal Appeals - State of Alabama_

(2)  Result _Affirmed by Memorandum (August 18, 2005). Application for Rehearing - overruled on (09-12-05)._

(3)  Date of result _(Aug 18, 2005 - Memorandum) (09-12-05 - Application for Rehearing)._

(b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

(1)  Name of court _In the Supreme Court of Alabama (Petition for Writ of Cert.)_

(2)  Result _Writ Denied._

(3)  Date of result _March 10, 2006_

(c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

(1)  Name of court _N/A_

(2)  Result _N/A_

(3)  Date of result _N/A_

0. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petition, application, or motion with respect to this judgment in any court, state or federal?

Yes _____          No __✓__

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a)  (1)  Name of court _____*N/A*_____

(2)  Nature of proceeding _____*N/A*_____

(3)  Grounds raised _____*N/A*_____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No __✓__

(5)  Result _____

(6)  Date of result _____*N/A*_____

(b)  As to any second petition, application, or motion, give the same information:

(1)  Name of court _____*N/A*_____

(2)  Nature of proceeding _____*N/A*_____

(3)  Grounds raised _____*N/A*_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No __✓__

(5)  Result _____*N/A*_____

(6)  Date of result _____*N/A*_____

(c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1)  Name of court _____*N/A*_____

(2)  Nature of procee  )  *N/A*  )

(3)  Grounds raised  *N/A*

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No ✓

(5)  Result  *N/A*

(6)  Date of result  *N/A*

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.          Yes _____          No ✓

(2)  Second petition, etc.       Yes _____          No ✓

(2)  Third petition, etc.          Yes _____          No ✓

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

*N/A*

_____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

*Will not check any of those grounds listed.*

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

_____  A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

*The petitioner shall only raise United States Constitutional issues,*

4

(1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9) Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

*The petitioner will not check any of these grounds listed.*

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

_____ B. The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ C. The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D. Petitioner is being held in custody after his sentence has expired.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ E. Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

5

*The petitioner will not check any of these grounds listed.*

The leased not merely an ~~(no impeachment evidence, and )~~ Case 2:06-cv-00835-MEF-VPM Document 1-2 Filed 09/18/2006 Page 6 of 70

**if the facts had been known at the time of trial or sentencing, the result would probably have been different; and**

**The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F. **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

> "**Successive Petitions.** The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____     No ✓

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a) Name of court _____ N/A _____

(b) Result _____ N/A _____

(c) Date of result _____ N/A _____
(attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____     No ✓

6

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in judgment under attack:

    (a) At preliminary hearing _MR. Samuel J. Clenney, III_
_P.O. Box 160 — 103. E. Court Square - Abbeville, Al 36310_

    (b) At arraignment and plea _MR. Samuel J. Clenney, III_
_P.O. Box 160 - 103 E. Court Square - Abbeville, Al 36310_

    (c) At trial _MR. Samuel J. Clenney, III_
_(same address in the above)._

    (d) At sentencing _MR. Samuel J. Clenney, III_
_(same address in the above)._

    (e) On appeal _MR. Samuel J. Clenney, III_
_(same address in the above)._

    (f) In any post-conviction proceeding _N/A_

    (g) On appeal from adverse ruling in a post-conviction proceeding
_N/A_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? _WAS sentenced on more than one indictment and one count for each indictment._
Yes ✓       No _____

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes _____       No ✓

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____
_N/A_

    (b) And give date and length of sentence to be served in the future: _N/A_

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes _____       No ✗ _(N/A)._

18. What date is this petition being mailed?
_MAY 12, 2006_

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

7

# PETITIONER'S VERIFICATION UNDER OATH
# SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _____4-18-06_____
(Date)

_____Todd Blackmer_____
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _18_ day of _April_ _2006_

_____[signature]_____
Notary Public

My Commission Expires March 25, 2008

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____
(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

# IN FORMA PAUPERIS DECLARATION

*IN THE CIRCUIT COURT OF HENRY COUNTY, ALABAMA*

[Insert appropriate court]

*TODD RAY BLACKMON*

(Petitioner)

vs.

*STATE OF ALABAMA*

(Respondent(s)

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS

I, *Todd Ray Blackmon* ,declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?    Yes _____    No ✓

    a.  If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

    *N/A*

    b.  If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

    *November 16, 2004; and the amount was $7.00 per hour / $1,000.00 — $1,200.00 a month*

2.  Have you received within the past twelve months any money from any of the following sources?

    a.  Business, profession, or other form of self-employment?

    Yes _____        No ✓

    b.  Rent payments, interest, or dividends?

    Yes _____        No ✓

    c.  Pensions, annuities, or life insurance payments?

    Yes _____        No ✓

    d.  Gifts or inheritances?

    Yes _____        No ✓

    e.  Any other sources?

    Yes ✓            No _____

2

If the answer to any of the above is "yes", describe each item and the amount ceived from each during the twelve months.

_Receive monies from family members to purchase hygiene personal items, paper, ink-pens etc._

3. Do you own cash, or do you have money in a checking or savings account?

   Yes _____          No ✓

   (Include any funds in prison accounts.)

   If the answer is "yes", state the total value of the items owned.

   _N/A_

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

   Yes _____          No ✓

   If the answer is "yes", describe the property and state its approximate value.

   _N/A_

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

   _There are no persons who depend on me for any income because I have no income at this time._

   I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

   Executed on _4-27-06_
   
   (Date)

   _Todd Blackman_
   Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _52.40_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _Draper Corr. Fac_ institution:

_4-27-06_
DATE

_F.S. Brown_ —Acct-clerk
AUTHORIZED OFFICER OF INSTITUTION

Rule 32

3

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
DRAPER CORRECTIONAL FACILITY

3 #: 239084    NAME: BLACKMON, TODD RAY          AS OF: 04/27/2006

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| APR | 3 | $0.00 | $0.00 |
| MAY | 31 | $52.87 | $223.82 |
| JUN | 30 | $56.81 | $0.00 |
| JUL | 31 | $27.50 | $100.00 |
| AUG | 31 | $11.23 | $35.65 |
| SEP | 30 | $58.24 | $150.00 |
| OCT | 31 | $2.93 | $0.00 |
| NOV | 30 | $62.38 | $200.00 |
| DEC | 31 | $70.59 | $250.00 |
| JAN | 31 | $33.03 | $0.00 |
| FEB | 28 | $82.65 | $400.00 |
| MAR | 31 | $40.21 | $150.00 |
| APR | 27 | $26.72 | $130.00 |

STATE OF ALABAMA )
COUNTY OF ELMORE )

## AFFIDAVIT

Before me, the undersigned a Notary Public in and for the State of Alabama at large, personally appeared TODD RAY BLACKMON, who is known to me and who being by me first duly sworn, deposes and says as follows:

"My name is Todd Ray Blackmon AIS# 239084 of Cell-1, BD-152. I am over the age of nineteen (19) years and am a bona fide resident of the State of Alabama and under the care of the Ala. Dept. of Corrections of Draper Facility in Elmore, Alabama.

"On or about ___May___ ___2___, 2006, I am mailing a copy of my Rule 32 post-conviction petition with my exhibits of the Henry County Dist. Courts charging instruments of the complaint and of arrest warrants under the DC-No.: 02-045; 02-046. These charging instruments have not been altered in any way and are the original copies from the clerks office. These instruments will be part of the petitioners Rule 32; And all motions filed with the clerk of this court.

Also in mailing the petitioners Rule 32 petition, I swear and affirm that I have not received a full and entire copy of the HENRY County Circuit Court's transcript of the whole proceedings from the clerks office NOR from my Attorney, so that I may perfect my appeal process through the State and federal proceedings. I have requested for a copy of the entire transcript proceedings of the Courts Circuit Number of (CC-03-168; CC-03-169), Therefore I have been denied of a complete transcript and my right to further perfect my appeal.

_Todd Blackmon_
Todd Ray Blackmon
AIS# 239084 C-1 BD-152

SWORN TO AND SUBSCRIBED before me this 2 day of ___May___ 2006
_Sonya M. Rose_

12



## Rule 32.1  Scope of Remedy.

Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:

(a)  The constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

(b)  The court was without jurisdiction to render judgment or to impose sentence.

(c)  The sentence imposed exceeds the maximum authorized by law or is otherwise not authorized by law.

(d)  Petitioner is being held in custody after petitioner's sentence has expired.

(e)  Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

(1)  The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion persuant to Rule 24, or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence;

(2)  The facts are not merely cumulative to other facts that were known.

(3)  The facts do not merely amount to impeachment evidence;

(4)  If the facts had been known at the time of trial or of sentencing, the result probably would have been different; and

(5)  The facts establish that petitioner is innocent of the crime for which petitioner was convicted or should not have received the sentence that petitioner received.

(f)  The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

## Rule 32.2  Preclusion of Remedy.

(a)  Preclusion of Grounds. A petitioner will not be given relief under this rule based upon any ground:

(1)  Which may still be raised on direct appeal under the Alabama Rules of Appellate procedure or by post-trial motion under Rule 24; or

(2)  Which was raised or addressed at trial; or

(3)  Which could have been but was not raised at trial, unless the ground for relief arises under Rule 32.1(b); or

(4)  Which was raised or addressed on appeal or in any previous collateral proceeding; or

(5)  Which could have been but was not raised on appeal, unless the ground for relief arises under Rule 32.1(b).

(b)  Successive Petitions. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.

(c)  Limitations Period. Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, A.R.App.P.; or (2) In the case of

a conviction not appealed to the Court of Criminal Appeals, within two (2) years after the time for filing an appeal lapses. The court shall not entertain a petition based on the grounds specified in Rule 32.1(e) unless the petition is filed within the applicable two-year period specified in the first sentence of this section, or within six (6) months after the discovery of the newly-discovered material facts, whichever is later; provided, however, that the two-year period during which a petition may be brought shall in no case be deemed to have begun to run before the effective date of the precursor of this rule, i.e., April 1, 1987.

## Rule 32.3   Burden of proof.

The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief. The state shall have the burden of pleading any ground of preclusion, but once a ground of preclusion has been pleaded, the petitioner shall have the burden of disproving its existence by a preponderance of the evidence.

## Rule 32.4   Nature of proceeding and Relation to Other Remedies.

A proceeding under this rule displaces all post-trial remedies except post-trial motions under Rule 24 and appeal. Any other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under this rule. Proceedings under this rule shall be governed by the Rules of Criminal Procedure, except that the trial court in its sole discretion may allow the taking of depositions for discovery or for use at trial.

## Rule 32.5   Venue.

Petitions filed under this rule shall be filed in and decided by the court in which the petitioner was convicted. If a petition is filed in another court, it shall be transferred to the court where the conviction occurred.

## Rule 32.6   Commencement of Proceedings.

(a)   Form, Filing, and Service of Petition.   A proceeding under this rule is commenced by filing a petition, verified by the petitioner or petitioner's attorney, with the clerk of the court. A petition may be filed at any time after entry of judgment and sentence (subject to the provisions of Rule 32.2(c)). The petition should be filed by using or following the form accompanying this rule. If that form is not used or followed, the court shall return the petition to the petitioner to be amended to comply with the form. The petition shall be accompanied by two copies thereof. It shall also be accompanied by the filing fee prescribed by law or rule in civil cases in circuit court unless the petitioner applies for and is given leave to prosecute the petition in forma pauperis, in which event the fee shall be waived. If the petitioner desires to prosecute the petition in forma pauperis, he shall file the In Forma Pauperis Declaration at the end of the form. In all such cases, the petition shall also be accompanied by a certificate of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit in any account in the institution, which certificate may be considered by the court in acting upon his application for leave to proceed in forma pauperis. Upon receipt of the petition and the filing fee, or an order granting leave to the petitioner to proceed in forma pauperis, the clerk shall file the petition and promptly send a copy to the district attorney (or, in the case of a petition filed in the municipal court, to the municipal prosecutor).

(b)   Specificity.   The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.

(c)   Notification of Appellate Court.   If an appeal of the petitioner's conviction is pending, the clerk shall also promptly send a copy of the petition to the appropriate appellate court, noting in the record the date and manner by which it is sent.

(d)   Assignment of Judge.   The proceeding shall be assigned to the sentencing judge where possible, but for good cause the proceeding may be assigned or transferred to another judge.

## Rule 32.7   Additional Pleadings; Summary Disposition; Amendments.

(a)   Prosecutor's Response.   Within thirty (30) days after the service of the petition, or within the time otherwise specified by the court, the district attorney (or, in the case of a petition filed in the municipal court, the municipal prosecutor) shall file with the court and send to the petitioner or counsel for the petitioner, if any, a response, which may be supported by affidavits and a

certified record or such portions thereof as are appropriate or material to the issues raised in the petition.

Case 1:06-cv-00835-MEF-VPM    Document 1-2    Filed 09/18/2006    Page 15 of 70

(b)  Amendment of Pleadings.  Amendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment.

(c)  Appointment of Counsel.  If the court does not summarily dismiss the petition, and if it appears that the petitioner is indigent or otherwise unable to obtain the assistance of counsel and desires the assistance of counsel, and it further appears that counsel is necessary to assert or protect the rights of the petitioner, the court shall appoint counsel.

(d)  Summary Disposition.  If the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition. Leave to amend shall be freely granted. Otherwise, the court shall direct that the proceedings continue and set a date for hearing.

## Rule 32.8  Prehearing Conference.

In order to expedite the proceeding, the court may hold a prehearing conference, at which the petitioner need not be present if he or she is represented by counsel who is present. The conference may be by telephone. Whether held by telephone or in person, the conference shall be stenographically recorded or tape-recorded. At the prehearing conference, the court may order a showing by the petitioner of the materiality of the testimony expected to be presented by any witness subpoenaed by the petitioner, supported by affidavit where appropriate, and, upon petitioner's failure to show the requisite materiality, may order that the subpoena for such witness not be issued or be quashed.

## Rule 32.9  Evidentiary Hearing.

(a)  Hearing.  Unless the court dismisses the petition, the petitioner shall be entitled to an evidentiary hearing to determine disputed issues of material fact, with the right to subpoena material witnesses on his behalf. The court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing, in which event the presence of the petitioner is not required, or the court may take some evidence by such means and other evidence in an evidentiary hearing. When facilities are available, the court may in its discretion order that any evidentiary hearing be held at the place of petitioner's confinement, giving at least seven (7) days' notice to the officer in charge of the confinement facility. A verbatim record of the hearing shall be made.

(b)  Testimony of Petitioner.  The petitioner may be called to testify at the hearing by the court or by either party.

(c)  Decision.  If the court finds in favor of the petitioner, it shall enter an appropriate order with respect to the conviction, sentence, or detention; to any further proceedings, including a new trial; and to any other matters that may be necessary and proper.

(d)  Findings of Fact.  The court shall make specific findings of fact relating to each material issue of fact presented.

## Rule 32.10  Appeal.

(a)  Who May Appeal; Court to Which Appeal is Taken.  Any party may appeal the decision of a circuit court according to the procedures of the Alabama Rules of Appellate Procedure to the Court of Criminal Appeals upon taking a timely appeal as provided in Rule 4, Alabama Rules of Appellate Procedure. Any party may appeal a decision of a district or municipal court according to existing procedure.

(b)  Release of Petitioner.  The petitioner shall not be released on bond pending appeal by either party. Release of the petitioner on bond pending a retrial after an order requiring retrial has become final, or after the time for filing an appeal from such an order has lapsed, shall be governed by the laws and rules governing release on bond pending an initial trial.

Rule 32

15

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA



Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk

P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

July 31, 2006

**CR-05-1873**

Todd Ray Blackmon v. State of Alabama  (Appeal from Henry  Circuit Court: CC03-168.60; CC03-169.60)

## Notice

You are hereby notified that the record on appeal in the above cause was filed on July 31, 2006.  Because the clerk's certificate of completion is dated July 27, 2006, the appellant's brief is due to be filed in this Court and a copy served on the appellee by August 24, 2006.  Should the appellant need an extension of time to file his/her brief, the request must be made in accordance with the policy as set out in the informational notice provided to the appellant when this appeal was docketed.

---

SPECIAL PROVISION FOR "PRO SE INMATES" TO SERVE THE ATTORNEY GENERAL: Effective immediately, the Attorney General has agreed to accept service of briefs and other documents filed by "pro se inmates" via the Attorney General's hand mail box located in the Court of Criminal Appeals Clerk's Office.  Therefore, any pro se inmate who wishes to use this alternative method to serve the Attorney General with copies of briefs and other documents filed in proceedings before the Court of Criminal Appeals may do so by sending the Attorney General's copy to the Court of Criminal Appeals along with the original and four copies.  To take advantage of this alternative service mode, the cover of the brief (or other document) that is intended for the Attorney General must be clearly marked at the top "ATTORNEY GENERAL'S COPY," and the certificate of service on the document being filed with this Court should state that the Attorney General's copy was delivered to the Court of Criminal Appeals for service on the Attorney General.  If a response to said document is required or permitted, the Attorney General's time for response shall run from the date the pro se document is received by the Court of Criminal Appeals.  This alternative mode of service on the Attorney General is available only to those inmates who are not represented by counsel and applies only in proceedings in the Court of Criminal Appeals.  Additionally, because the Attorney General does not represent municipalities in appeals from municipal convictions, this alternative mode of service has no application if appealing a conviction for violating a municipal ordinance.

IMPORTANT NOTE:  Any brief or document that does not have a complete certificate of service will be deemed to have been conditionally filed.  For information regarding the certificate of service, please refer to the "PROOF OF SERVICE" information contained in the informational notice that was mailed to you when this appeal was docketed.  All pro se inmates are hereby placed on notice that under no circumstance will this Court make copies of your filings for service on the opposing party and no such papers or documents will be returned to you for copying.

**cc:** Hon. Gypsy Ethridge, Circuit Clerk
Todd Ray Blackmon, Pro Se
Office of Attorney General

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama

Judicial Building, 300 Dexter Avenue

**P. O. Box 301555**

**Montgomery, AL 36130-1555**

> **RELEASED**
>
> AUG 19 2005
>
> CLERK
> ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-1076       Henry Circuit Court CC-03-168 and CC-03-169

<u>Todd Ray Blackmon v. State of Alabama</u>

Baschab, Judge.

The appellant was convicted of two counts of first-degree robbery, violations of §13A-8-41(a)(1), Ala. Code 1975. The trial court sentenced him to serve concurrent terms of life in prison on each conviction. The appellant filed a "Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial," which the trial court summarily denied. This appeal followed.

I.

The appellant argues that the State did not present sufficient evidence to support his convictions. Specifically, he contends that his convictions were based solely upon the

uncorroborated statement and testimony of his accomplices, Nicholas McKinnon and Christopher Lindsey.

> "A conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."

§12-21-222, Ala. Code 1975.

> "'An accomplice's testimony must be supported by evidence connecting the defendant with the commission of the offense rather than merely showing that the offense occurred or the circumstances thereof. <u>Code of Alabama</u> 1975, §12-21-222; <u>Miles v. State</u>, 476 So. 2d 1228 (Ala. Cr. App. 1985); <u>Jackson v. State</u>, 451 So. 2d 435 (Ala. Cr. App. 1984).' <u>Hodges v. State</u>, 500 So. 2d 1273, 1275 (Ala. Cr. App. 1986).

>> "'"Corroboration need only be slight to suffice." <u>Ingle v. State</u>, 400 So. 2d 938, 940 (Ala. Cr. App. 1981). "While corroborating evidence need not be strong, it '... must be of substantive character, must be inconsistent with the innocence of a defendant and must do more than raise a suspicion of guilt.' <u>McCoy v. State</u>, 397 So. 2d 577 (Ala. Crim. App.), cert. denied, 397 So. 2d 589 (Ala. 1981)." <u>Booker v. State</u>, 477 So. 2d 1388, 1390 (Ala. Cr. App. 1985). "However, the corroboration need not be sufficiently strong by itself to warrant a conviction." <u>Miles v. State</u>, 476 So. 2d 1228, 1234 (Ala. Cr. App. 1985). The requisite corroborative evidence is determined by a process of elimination or subtraction. <u>Caldwell v. State</u>, 418 So. 2d 168, 170 (Ala. Cr. App. 1981). "The means for analyzing the evidence to determine if

2

there is sufficient evidence to corroborate
testimony of an accomplice is to set aside
the accomplice's testimony and determine
whether or not the remaining evidence tends
to connect the defendant with the
commission of the offense." Leonard v.
State, 459 So. 2d 970, 971 (Ala. Cr. App.
1984). "Whether such corroborative
evidence exists is a question of law to be
resolved by the trial court, its probative
force and sufficiency being questions for
the jury." Caldwell v. State, supra, at
170. Circumstantial evidence is sufficient
to show corroboration. Jackson v. State,
451 So. 2d 435, 437 (Ala. Cr. App. 1984).
See also McConnell v. State, 429 So. 2d 662
(Ala. Cr. App. 1983).'

"Hodges v. State, 500 So. 2d at 1275-76.

"In Ware v. State, 409 So. 2d 886 (Ala. Cr. App.
1981), writ quashed, 409 So. 2d 893 (Ala. 1982),
this court quoted Andrews v. State, 370 So. 2d 320,
322 (Ala. Cr. App.), cert. denied, 370 So. 2d 323
(Ala. 1979), stating:

"'"The corroboration of an accomplice
must tend to connect the accused with the
commission of the crime but need not refer
to any statement or fact testified to by
the accomplice. 'Corroborate means to
strengthen, to make stronger; to
strengthen, not the proof of any particular
fact to which the witness has testified,
but to strengthen the probative,
criminating force of his testimony.'
Malachi v. State, 89 Ala. 134, 140-141, 8
So. 104, 106 (1889); Smith v. State, 230
Ala. 413, 416, 151 So. 538 (1935); Brown v.
State, 31 Ala. App. 529, 19 So. 2d 88
(1944). The corroborative evidence need
not be strong, nor sufficient of itself to
support a conviction, the criterion being

3

that it legitimately tend to connect the accused with the offense. Miller v. State, 290 Ala. 248, 275 So. 2d 675 (1973). Corroborative evidence need not directly confirm any particular fact nor go to every material fact stated by the accomplice. Bridges v. State, 52 Ala. App. 546, 295 So. 2d 266 (1974); Dykes v. State, 30 Ala. App. 129, 1 So. 2d 754 (1941). Corroborative evidence need not directly connect the accused with the offense but need only tend to do so. State v. Canada, 107 Ariz. 66, 481 P.2d 859, cert. denied, 404 U.S. 848, 92 S. Ct. 154, 30 L. Ed. 2d 87 (1971). See Pearce v. State, 26 Ala. App. 492, 495, 164 So. 114, cert. denied, 231 Ala. 150, 164 So. 118 (1935) ('(B)ut, as we read the cases, the corroboratory evidence, if it meets the test of "tending to connect the defendant with the commission of the offense," need not be, in and of itself alone, that tending in any wise to fasten guilt upon the defendant'); 23 C.J.S. Criminal Law §812(3) (1961). The sufficiency of corroborating evidence is established if its probative value tends to connect the defendant with the commission of the crime. Lowe v. State, 32 Ala. App. 176, 22 So. 2d 618 (1945). The corroboration of an accomplice may be shown by circumstantial evidence. Blevins v. State, 56 Ala. App. 115, 319 So. 2d 734, cert. denied, 294 Ala. 753, 319 So. 2d 739 (1975); Tidwell v. State, 23 Ala. App. 409, 126 So. 186 (1930).

"'In certain instances, association with the accomplice tending to show the accused's proximity, chronologically and geographically, to the alleged offense may furnish sufficient corroboration. Ross v. State, 74 Ala. 532 (1883); DeGraaf v. State, 34 Ala. App. 137, 37 So. 2d 130

4

(1948)."  370 So. 2d at 322.'

"409 So. 2d at 891.

"Thus, to constitute sufficient corroboration, a fact or circumstance may tend to support the accomplice's version, thereby confirming his credibility, but in order to provide sufficient corroboration of accomplice testimony, the evidence must connect the accused with the commission of the offense. Jackson v. State, 451 So. 2d 435, 437 (Ala. Cr. App. 1984)."

Arthur v. State, 711 So. 2d 1031, 1059-60 (Ala. Crim. App. 1996), aff'd, 711 So. 2d 1097 (Ala. 1997). "'Additionally, sufficient corroboration of the testimony of an accomplice may be furnished by a tacit admission by the accused, by the suspicious conduct of the accused, and the association of the accused with the accomplice, or by the defendant's proximity and opportunity to commit the crime.'" Ware v. State, 409 So. 2d 886, 891 (Ala. Crim. App. 1981) (quoting Jacks v. State, 364 So. 2d 397, 405 (Ala. Crim. App. 1978)). Finally, "[t]he weight and probative value to be given to the evidence, the credibility of the witnesses, the resolution of conflicting testimony, and inferences to be drawn from the evidence are for the jury." Smith v. State, 698 So. 2d 189, 214 (Ala. Crim. App. 1996), aff'd, 698 So. 2d 219 (Ala. 1997).

The State presented evidence that, around 9:00 p.m. on the evening of December 16, 2001, the victims, Jack and Ann Murphy, were inside their home wrapping Christmas presents and watching television; that Jack went outside to get a box; and that Ann stayed in the den.  Jack testified that, when he stepped onto the porch, he was attacked by four black men; that, except for their eyes, the men were completely covered; that two of the men had handguns; that the men yelled at him, put the handguns in his face, and told him that they wanted his money, that this was a "'hold-up,'" and to get back inside; that he fell back into a utility room and over a garbage can; that one of the men ran into the den where his wife was sitting; that the men told him that they were "'going to blow [his] damn head off if [he] didn't get [his] money'"; that, at some point, the men took him into the kitchen, taped

5

him to a chair, taped his hands, and brought his wife into the kitchen; that the men ransacked his house and tore open Christmas presents that were in the house; that the men found a safe that was hidden in a closet under the stairs, and one of them yelled, "'[H]ere it is'"; that the men threatened to kill him and his wife if he did not open the safe; that he was afraid and could not remember the combination; that his wife told the men that she had the combination to the safe in a billfold that was in her vehicle; that one of the armed men took his wife outside; that the man and his wife came back inside, and he thought that his wife had her purse; that the men were not able to open the safe; that the men eventually rolled the safe out of the front door and left; that the men took his and his wife's billfolds; and that the men were in his house for about forty-five minutes. (R. 138, 139, 147.) He also testified that the safe contained between $1,000 and $2,000 in cash, collector's coins, jewelry, money, and a handgun; that he later saw the safe at the courthouse; that the safe had been broken open and was muddy, dirty, and full of water; and that the papers that had been in the safe had been burned. Finally, he testified that Johnny Grace had previously worked for him on his farm; that Grace had been inside of his house on one occasion; that Grace had been in the area of the closet where the safe was kept; and that, during the robbery, he heard the men mention the name Johnny.

Ann Murphy testified that, after her husband had walked out onto the back porch, four men who were dressed in dark clothing and who had their hands covered came into her house; that some of the men had on hoods, some of them had bandanas over their mouths and noses, and two of them had handguns; that she heard her husband saying, "'[W]hat do y'all want'"; that the men were "hollering and screaming" and said that it was a robbery and that it was not a joke; that one of the men with a handgun came toward her, put the gun in her cheek, and said, "'[Y]ou white bitch, I want all the cash money you have got before I blow your f------ brains out'"; that the man took her to the bedroom to get her husband's wallet; that the man then took the wallet, and they went back into the den; that, when she got back into the den, she saw her husband backed up against a garbage can in the utility room; that the men found the safe, wanted the combination to the safe, and told her husband to open the safe; that the men told them that they

6

were going to "'blow [their] heads off'"; that her husband
could not open the safe; that she told the men that she had
the combination to the safe in a billfold that was in her
vehicle; that the other man with the gun then took her out to
her vehicle and got the billfold; that she and the man went
back inside of the house, and she saw her husband tied to a
chair; that one of the men then used packing tape to tie her
to a chair; that, at one point, one of the men ran outside,
got a rock or something, came back inside, and started to beat
on the safe; that the man broke the handle off of the safe;
that the men were not able to open the safe; and that the men
eventually took the safe out through the front door and left.
(R. 163, 164, 169.)   She also testified that the men had
ransacked the house and ripped open Christmas packages that
were in the house. Finally, she testified that she later saw
the safe in an evidence room at the courthouse and that it was
wet and muddy.

The State also presented evidence that Clyde Hornsby
interviewed Nicholas McKinnon and that Nicholas made a
statement to Hornsby. In his statement, Nicholas told Hornsby
that he, Kevin McKinnon, Johnny Grace, Christopher Lindsey,
and the appellant went to the victims' residence; that Grace
drove the vehicle down the road; that the others waited
outside until Jack Murphy came outside; that the men
approached Jack Murphy with a handgun, forced him into the
residence, and held him at gunpoint; that the appellant took
Ann Murphy outside to get her purse from her vehicle; that
they tried to open a safe that was in the residence, but were
not able to do so; that they loaded the safe into their
vehicle and took it to Tyrone Lindsey's house; that they
opened the safe with an axe; that they divided the money that
was in the safe; that there was an old coin book and an old
pearl-handled revolver in the safe; and that they later dumped
the safe off of a bridge and into a creek.

Christopher Lindsey testified that, on December 16, 2001,
he, the appellant, Nicholas McKinnon, Kevin McKinnon, and
Johnny Grace went to the victims' house in Nicholas' vehicle;
that they were going to rob the victims because Grace had
previously worked with Jack Murphy and said that they had
money; that they were wearing stocking caps and gloves, and
their faces were covered; that Nicholas and Grace had

7

handguns; that the appellant, Nicholas, Kevin, and Grace went into the victims' house while he stayed outside in Nicholas' vehicle; that, between fifteen and twenty minutes later, the four came out of the house, and he believed that Grace, Nicholas, and Kevin were carrying the safe; that they put the safe in the trunk of Nicholas' vehicle; that the four then got into the vehicle and went to his grandmother's house, where they took the safe out of the vehicle; that they did not have a combination for the safe, and the handle on the safe had been broken off; that they could not open the safe, and they subsequently put the safe back in the vehicle and left; that they went to his aunt's house; that, after they got to his aunt's house, his cousin, Tyrone Lindsey, came out of his house; that Tyrone had not been involved in the robbery; that, at some point, someone found an axe and used it to open the safe; that they found money, coins, a gun, and a bunch of papers in the safe; that he, the appellant, Nicholas, Kevin, and Grace divided the money; that they burned the papers that were in the safe; that they took the coins to Tyrone's house, but Tyrone told them to get the coins out of his house; that they took the coins, left Tyrone's house, and loaded the safe; that the appellant went to his aunt's house; and that Nicholas, Kevin, and Grace subsequently took the safe and threw it into the river.

Tyrone Lindsey testified that, between 10:30 p.m. and 11:00 p.m. on December 16, 2001, he was asleep at his home when he was awakened by the appellant, Nicholas McKinnon, Christopher Lindsey, Kevin McKinnon, Germane Lindsey, and Jerome Lindsey; that, when he went outside, he saw Nicholas' vehicle and another vehicle outside; that all of the men were standing around a safe, and Grace was trying to open the safe with an axe; that they opened the safe with an axe; that there were papers, coins, jewelry, a handgun, and some money in the safe; that the coins were in books; that the men put all of the items into a bag; that he told everyone to leave; that, when he went back inside, everyone was still there; that he went to bed; and that, when he got up the next morning, the safe was gone, and the appellant was next door at his mother's house.

In this case, the victims' testimony that Grace had previously worked for Jack Murphy; their testimony that, on

8

the evening of December 16, 2001, Jack went outside of his house and was attacked by four black men; their testimony that the men subsequently entered the house and went into the den where Ann was; their testimony that the men had their faces and hands covered, and two of them had guns; their testimony regarding the details of the robbery; their testimony regarding the men's statements when they found the safe; their testimony that, during the robbery, one of the men took Ann outside and got her billfold out of her vehicle; their testimony that the handle on the safe was broken during the robbery; their testimony that the safe was taken during the robbery; their testimony that the safe contained cash, collector's coins, jewelry, money, a handgun, and papers; their testimony that the safe had water in it and was muddy and dirty when they saw it again at the courthouse; and Jack's testimony that papers that had been in the safe had been burned and that, during the robbery, he heard the men mention the name Johnny corroborated Nicholas McKinnon's statement and Christopher Lindsey's testimony regarding the robbery. Also, Tyrone Lindsey's testimony that, shortly after the robbery, he saw the appellant, Nicholas McKinnon, Christopher Lindsey, Kevin McKinnon, Germane Lindsey, and Jerome Lindsey outside his house; that Nicholas McKinnon's vehicle was outside his house; that the men were standing around a safe; that Grace opened the safe with an axe; and that there were papers, coins in books, jewelry, a handgun, and some money in the safe corroborated Nicholas McKinnon's statement and Christopher Lindsey's testimony and also tended to connect the appellant to the offense.    Based on this evidence, the State sufficiently corroborated Nicholas McKinnon's statement and Christopher Lindsey's testimony.    Therefore, the appellant's argument is without merit.[1]

## II.

The appellant also appears to argue that the trial court erroneously allowed the State to reopen its case-in-chief and present additional testimony to corroborate McKinnon's and Lindsey's statement and testimony.    After the State rested,

---

[1]To the extent the appellant may challenge the sufficiency of the evidence, his argument is without merit.

the defense moved for a judgment of acquittal on the ground
that the State had not presented sufficient evidence to
corroborate his accomplices' statement and testimony.  After
hearing the parties' arguments on the motion, the following
occurred:

>"THE COURT:  Let me give the State one more shot
at this thing.  I am a little concerned.
>
>"[PROSECUTOR]:  Well, let me just ask you,
before you do that, then, based on the evidence and
what he's argued, then I would have to ask you to
allow me to reopen my case, then.  I know that is
within your discretion.
>
>"THE COURT:  And I will give it, because this is
a serious crime, and I hate to see --
>
>"[PROSECUTOR]:  Judge, I know you do.  I'm
saying, the only way I can connect him -- I am
lacking one witness that we were unable to produce
-- just give me until in the morning to produce him,
and he will connect the defendant.  That is all I
can do and ask at this point.  I don't think that is
unreasonable.  Because if I don't, it gets tossed.
I understand that, Judge Jackson.  And if it does,
and I have him, then we will overcome that hurdle.
>
>"[DEFENSE COUNSEL]:  Judge, if I may briefly
respond?
>
>"THE COURT:  Yes.
>
>"[DEFENSE COUNSEL]:  This is Wednesday of trial
week.  This case has been passed from Monday to
Tuesday, from Tuesday to Wednesday.  The State knew
they didn't have this witness he's talking about
before we started the trial.  Why did they not ask
the Court to set it over to another day or to
continue it to another term of Court?  Here we are,
we have a jury struck, they have tried their case,
they have put on their best shot, and it ain't good
enough.  And I object to the Court opening -- I

10

realize the Court has discretion -- I am sounding
impassioned about this, and I understand that. But,
Judge, they have had their bite at the apple. They
knew they didn't have -- they knew they didn't have
the evidence in this case, and they tried it anyway.

"THE COURT:    I will give the State that
opportunity, because it is so serious. I don't know
of any evidence, other -- to link the defendant to
it, other than something an accomplice has said.
The Murphys said nothing. They testified about this
crime and how serious it was, but they said nothing
to link it to this man, and all of the other
witnesses who have testified related to what
accomplices said that this man did. So I think that
-- I don't know what the other link is, but I am
hungry for it. I hate to -- I hate to be --

"[PROSECUTOR]:    Judge, I understand. I assure
this Court -- and in response to [defense counsel],
that we have had time and time again -- I assure you
we have attempted to get this witness, and we have
made three attempts. So, what I am saying is, we
have subpoenaed him. We have done our part. I
don't think -- once again, wait until in the
morning, and if I can't produce him when you are
coming back for trial -- how is the defendant
prejudiced? He won't be prejudiced.

"THE COURT:    I don't see how that would cause
him prejudice, other than just the missing posture
of the case at this point.

"[DEFENSE COUNSEL]:    Well, Judge, all I can say
is that, typically, if either side has a witness
problem, it is typically made known before you start
trial, so then, maybe it can be addressed in some
fashion other than getting to this point, and the
State has tried this case, and they was hoping they
wouldn't need him. But they need him, and now, they
want to try and hunt him up. That's all I'm saying.
I think it's unfair to the defendant in that regard.

11

"THE COURT:  I think they are asking for one
last shot to hunt him up.  I don't believe they have
just started hunting him up.

" [PROSECUTOR]:  Correct.

"THE COURT:  I will grant that, because I mean,
with the severity of this -- there is serious
testimony linking the defendant to the case, but it
doesn't -- I don't think it can get over that
statute.  And I think it -- if there is something
that could corroborate, I'm sure -- I want to give
one last shot to get it."

(R. 202-06.)    The following day, the State called Tyrone
Lindsey as a witness.    During the State's redirect
examination, Tyrone testified that he had moved from the
address where he had previously been subpoenaed for the
appellant's accomplices' trial and that he had moved from
Abbeville to Dothan.

"'The decision of whether to reopen a case for
additional evidence lies within the sound discretion
of the trial court and will not be disturbed absent
an abuse of that discretion.'   Green Tree
Acceptance, Inc. v. Standridge, 565 So. 2d 38, 46
(Ala. 1990).

"'"It was properly within the discretion
of the trial court to reopen the case for
the further reception of evidence after the
State had rested and before the jury had
been charged or begun deliberations.
Harris v. State, 283 Ala. 148, 214 So. 2d
843 (1968)."  Harper v. State, 420 So. 2d
835, 840 (Ala. Cr. App. 1982).  See also
Jackson v. State, 167 Ala. 44, 52 So. 835
(1910).  We hold that the trial court did
not err by exercising its discretion to
allow the State to reopen its case [to
allow the state to introduce evidence of
the defendant's flight].  Bristow v. State,
418 So. 2d 927 (Ala. Cr. App. 1982), and

12

cases cited therein.'

"<u>Johnson v. State</u>, 502 So. 2d 877, 881-82 (Ala. Cr. App. 1987)."

<u>Foster v. State</u>, 651 So. 2d 1102, 1105 (Ala. Crim. App. 1994).

In this case, the trial court allowed the State to reopen its case so that it could attempt to locate a witness who had been subpoenaed, but who had not appeared at trial. At that time, the defense had not presented its case, the trial court had not yet instructed the jury, and the jury had not begun its deliberations. Therefore, the trial court did not abuse its discretion when it allowed the State to reopen the case to present Tyrone Lindsey's testimony.

III.

Finally, the appellant argues that the trial court erroneously overruled his objection to the prosecutor's rebuttal closing argument. Specifically, he contends that the prosecutor "tr[ied] to give the jury the impression that, since other juries have found co-defendants guilty, it is their duty to do the same in this case." (Appellant's brief at p. 19.) However, the record does not include a transcript of the closing arguments in their entirety. In fact, the record does not include the actual statement about which the appellant complains. Rather, it includes only the appellant's objection to the statement and his summary of the prosecutor's statement.

"We review the argument as a whole to determine if any part is prejudicial and violative of the appellant's rights. 'It is the appellant's duty ... to make a correct and complete record on appeal.' <u>Holder v. State</u>, 584 So. 2d 872, 875 (Ala. Cr. App. 1991)."

<u>Allen v. State</u>, 611 So. 2d 1152, 1155 (Ala. Crim. App. 1992). Because the record before us does not include a copy of the closing arguments in their entirety, we cannot review the prosecutor's comment in the context of the entire closing arguments. Therefore, we cannot properly review the

13

appellant's argument.

For the above-stated reasons, we affirm the trial court's judgment.

**AFFIRMED.**

McMillan, P.J., and Cobb and Wise, JJ., concur; Shaw, J., concurs in the result.

14

CR-05-1873

# THE COURT OF CRIMINAL APPEALS FOR THE STATE OF ALABAMA

TODD RAY BLACKMON
APPELLANT

VS.

STATE OF ALABAMA
APPELLEE

ON APPEAL FROM THE CIRCUIT COURT OF HENRY COUNTY'S DENIAL OF THE PETITIONER'S RULE 32 PETITION (CC-03-168.60; 169.60)

TODD RAY BLACKMON: PRO-SE
AIS# 239084 Cell-1 Bed-12
DRAPER CORRECTIONAL FACILITY
POST OFFICE BOX 1107
ELMORE, ALABAMA 36025-1107

August 30, 2006

STATEMENT REGARDING ORAL ARGUMENT

The appellant does not request any oral argument in this case.

i

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT .......... i

TABLE OF CONTENTS ..................... ii-iv

TABLE OF AUTHORITIES ............... v-viii

STATEMENT OF THE CASE ............. 1-4

ISSUE PRESENTED FOR REVIEW ............ 5-6

STATEMENT OF THE FACTS ............. 1-4

STANDARD OF REVIEW ................ 7

SUMMARY OF THE ARGUMENT ............ 9

ARGUMENT .................... 10-22

The Circuit Court's Summary Denial of Blackmon's Rule 32 Petition Was Not properly Within The Circuit Court's Discretion Because The Circuit Court's failure To File An Order To Have The District Attorney Respond To THE Allegations Set Out In Blackmon's Rule 32 Petition, And To File An Order Showing Why Blackmon's Petition Should Be Denied And By Showing That This Court Adjudicated His Petition ..................... 10-13

Blackmon Is Entitled By Law Of The Ala. Code 1975, § 12-22-240, Because This Ala. Statute has Not been Repealed, Implied Repeal By The Ala. Legislatures And Therefore Blackmon Allegates That The Circuit Court And Prosecutor Committed Fundamental Error, Plain Error In That Circuit Court's Irregular Process, Resulting In Modifying, Abridging Blackmon's Substantial Rights, His Substantive Due Process And Thus Creating A Miscarriage Of Justice And Leaving the Circuit Court Without In Personam Jurisdiction, Lack Of Jurisdiction; And Exceeded The Courts Jurisdiction Of The Subject Matter Of Each And Every Issue Presented In The Rule 32 Petition Of Blackmon.

• • • • • • • • • • • - • • • • • • • • • • • - - - - - ....14-17

Where Blackmon's Ala. Const. & His United States Constitutional Claims Cannot Be Precluded Because He has Never Waived his Constitutional Amendments And Where Ala. State Rules Of State Practice And Procedures Are In Conflict With the Due Process Clause Of The 14th Amend. U.S. Const.; And where Blackmon Is Entitled To The "Open Courts" Provision Of Article One, Section

iii

Thirteen, And Of Lex Terrae Under
Pennzoil Co. vs. Texaco, Inc., 481 U.S. 1, 95
L.Ed. 2d 1, 107 S.Ct. 1519.............18-22


CONCLUSION........................23

CERTIFICATE OF SERVICE.............24

iv

# TABLE OF AUTHORITIES

Abelleira v. Dist. Court of Appeal, Third Dist.,
17 Cal. 2d 280, 109 P. 2d 942 . . . . . . . . . . . . . . . . 21

Bergob v. Scrushy, 855 So. 2d 523 ( Ala. Civ. App.
2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Blount v. State, 572 So. 2d 498 ( Ala. Crim. App.
1990) . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

Crittenden v. State, 476 So. 2d 626 ( Ala. Crim.
App. 1983) . . . . . . . . . . . . . . . . . . . . . . . . .

Ex Parte DeBruce, 651 So. 2d 624 ( Ala.
1994) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Ex Parte Ebbers, 871 So. 2d 776 ( Ala.
2003) . . . . . . . . . . . . . . . . . . . . . . . . . 12, 21

Ex Parte Frazier, 562 So. 2d 560 ( Ala.
1989) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Falkner v. State, 586 So. 2d 39 ( Ala.
Crim. App. 1991) . . . . . . . . . . . . . . . . . . . . . 8

Fenner v. Boykin, 271 U.S. 240, 244, 70 L.ed
927, 46 S.Ct. 492 (1926) . . . . . . . . . . . . . . . . .

Foster v. State, 44 Ala. App. 139, 204 So. 2d
148 (1967) . . . . . . . . . . . . . . . . . . . . . . . . 8

V

Giordenello v. U.S., 357 U.S. 480, 485-86, 78 S.Ct. 1245, 1250, 2 L.Ed. 2d 1503 (1958)............... 17

Glover v. STATE, 531 So. 2d 705 (Ala. Crim. App. 1988)...7, 11

Hawkins v. State, 20 Ala. App. 285, 101 So. 514 (1940)..8

Hutcherson v. State, 847 So. 2d 378 (Ala. Crim. App. 2001)................................ 11

Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed. 2d 527 (1983)................... 17

Leonard v. State, 1974 Ala. Crim. App. LEXIS 1058.... 17

McCray v. State, 785 So. 2d 394 (Ala. Crim. App. 2000)...7

Milton Lucas III. v. State, 855 So. 2d 1128 (Ala. Crim. App. 2003)........................ 8-9

Moore v. Illinois, 480 U.S. 786, 810, 33 L.Ed. 2d 706, 92 S.Ct. 2562 (1972)................. 13

Olson v. District Court of Salt Lake County, 71 P. 2d 529 (1937)..................... 21

Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 95 L.Ed. 2d 1, 107 S.Ct. 1519............... 18-19

Robrock v. Robrock, 105 Ohio App. 25, 151 N.E. 2d 234 (1956)..................... 21

United States v. Ron Pair Enterprises, Inc, 489 U.S. 235, 241-242, 103 L.Ed. 2d 290, 109 S.Ct. 1026 (1989)............... 9, 19

<u>Rubin v. United States</u>, 449 U.S. 424, 430,
66 L.Ed. 2d 633, 101 S.Ct. 698 (1981).... 9,19

Other Authorities
            Code of Ala. (1975):
    § 12-22-240 ........................ 8,14,17
    § 12-14-50 ......................... 17
    § 12-17-250 ........................ 17
    § 12-17-251 ........................ 17
    § 15-7-1 ........................... 17
    § 15-7-2 (a) (b) ................... 17,22
    § 15-7-3 ...........................
    § 15-7-4 (a) (b) (c) ...............
    § 36-4-1 ...........................
    § 36-4-4 ...........................

Ala. R. Crim. Proc. (Ala. R. of Court):
    Rule 2.3 ........................... 17,21
    Rule 2.4 ........................... 17,21
    Rule 3.1 (a) .......................
    Rule 3.2 (a) .......................
    Rule 4.1 (a)(i) (ii) (iii) (a) ..... 21
    Rule 32.2 ..........................
    Rule 32.7 (a) ...................... 11
    Rule 32.9 (d) ...................... 11

Ala. Rules of Court:

    Ala. R. Evidence
    Rule 201 (a)(b)(c)(d)(e)(f)...... 15

    Ala. R. Jud. Adm.
    Rule 18 I. (A)(1)(2)(b)(c)(A)(d)
    (2)(2)............................... 16

Federal Rules of Criminal Procedure:
    Rule 3 .................................. 21
    Rule 4 (a)(b)........................ 17, 21
    Rule 41 (a)(b)(c)(1)(2)(A)(B)(c)
    (D)................................... 17, 21

ALA. Const. of 1901:
    Article 1, § 5...................
    Article 1, § 6...................
    Article 1, § 13.................. 19

United States Constitution & Articles:
    4th ............................ 16, 22
    5th ............................ 16
    6th ............................
    9th ............................
    14th .......................... 16
    Art. IV, Sec. 2, cl. 1 .........
    Art. VI, Sec. 1, cl. 2.......... 17

## STATEMENT OF THE CASE AND FACTS

This is an appeal from the denial of Blackmon's Rule 32 petition of Henry County Circuit Court (cc-03-168.60/03-169.60). Judge Edward Jackson.

Todd Ray Blackmon, the appellant in this case, files his first Rule 32 petition on May 15, 2006 (R-7 ), (R-94) the Circuit Courts Case action summary sheet. And therefore seeking his sentences to be vacated and Remanded back to the Circuit Court of Henry County, from his January 21, 2005 convictions of Robbery in the first degree, in two separte indictments.

Blackmon contends his convictions was obtained by an illegal arrest; and Resulting in the Henry County's District

1

Court's irregular process; and the District's Court's void process of the Alabama's statutes regarding that Court's charging instruments (R-16-30), (R-31-35), (R-36-39), (R-40-42), (R-43-48), (R-49-63).

The appellant also allegare that the Henry County's District Attorney's Office never made any response from Blackmon's allegations set out in his Rule 32 petition and nor did the Circuit Court file any orders allowing the prosecutor to properly respond to Blackmon's Rule 32 petition (R-88), (R-94); the Circuit Court's case action summary of case numbers (CC-03-168.60/CC-03-169.60).

Therefore no reasons were ever set-out why Blackmon's Rule 32 petition was denied.

2

And the Circuit Courts record is silent and cannot show any prosecutor's nor this Court's motion to dismiss in Blackmon's Rule 32 petition and the motions the appellant has filed with the Circuit Court's clerk, (R-16-30), (R-49-63) (R-64-76).

Hon. Edward Jackson mailed Blackmon a case action summary concerning his Rule 32 petition being denied (R-88), (R-94), the record does not reflect the prosecutor's response or any order's filed by that Circuit Court.

Blackmon filed an appeal and or notice of appeal June 29, 2006 (R-77-79), (R-88), (R-94). The certificate of completion &

**3**

Transmittal of record was filed July 27, 2006 (R-95)

This Court of Criminal Appeals gives the appellant to file his original brief and due date on August 24, 2006.

# ISSUES PRESENTED FOR REVIEW

The Circuit Court's Summary Denial Of Blackmon's Rule 32 Petition Was Not Properly Within The Circuit Court's Discretion Because The Circuit Court's Failure To File And Order To Have The District Attorney Respond To The Allegations Set Out In Blackmon's Rule 32 Petition, And To File An Order Showing Why Blackmon's Petition Should Be Denied And By Showing That This Court Adjudicated His Petition.

Blackmon Is Entitled By Law Of The Ala. Code 1975, § 12-22-240, Because This Ala. Statute Has Never Been Repealed, Implied Repeal By The Ala. Legislatures And Therefore Blackmon Allegares That The Circuit Court And Prosecutor Committed Fundamental Error, Plain Error In That Circuit Court's Irregular Process, Resulting In Modifying, Abridging Blackmon's Substantial Rights, His Substantive Due Process And Thus Creating

5

A Miscarriage Of Justice And Leaving The Circuit Court Without In Personam Juris- diction, Lack Of Jurisdiction; And Exceeded The Courts Jurisdiction Of The Subject Matter Of Each And Every Issue Presented In The Rule 32 Petition Of Blackmon.

Where Blackmon's Ala. Const. & His United States Constitutional Claims Cannot Be Precluded Because He Has Never Waived His Constitutional Amendments And Where Ala. State Rules Of State Practice And Procedures Are In Conflict With The Due Process Clause Of The 14th Amend. U.S. Const.; And Where Blackmon Is Entitled To The "Open Courts" Provision Of Article One, Section Thirteen, And Of Lex Terrae Under Pennzoil Co. Vs. Texaco, Inc., 481 U.S. 1, 95 L.Ed. 2d 1, 107 S.Ct. 1519.

6

## STANDARD OF REVIEW

Where a summary denial of a Rule 32 petition is denied without first properly adjudicating an appellant's claims. First by allowing the prosecutor to Respond and OR filing any motions with the trial court to dismiss the appellants claims. All facts contained in Blackmon's Rule 32 petition were unrefuted and his claims must be accepted as true. Glover v. State, 531 So. 2d 705 (Ala. Crim. Appeals. 1988); McCray v. State, 785 So. 2d 394 (Ala. Crim. App. 2000). And where the circuit court did abused its

7

discretion under Blount v. State, 572 So. 2d 498 At 502 (Ala. Crim. App. 1990), And where the prosecutor and circuit court waived there right in presenting any denials of Blackmon's issues for review. Falkner v. State, 586 So. 2d 39 At 46-47 (Ala. Crim. App. 1991)

Where a statute has not been Repealed or implied Repeal, the lower courts must afford the appellant Due Process of Law and equal protection in protecting one's State & Federal Constitutional rights and pursuant to the Code of Ala. 1975, § 12-22-240.

The Circuit Court has clearly demonstrated Lex nemini operatur iniquum, nemini facit injuriam, Hawkins v. State, 20 Ala. App. 285, 101 So. 514 (1940); Foster v. State, 44 Ala. App. 139, 204 So. 2d 148 (1967); Bergob v. Scrushy, 855 So. 2d 523 At 531-532 (Ala. Civ. App. 2002); Milton Lucas III v. State, 855 So.

8

2d 1128 At 1128 (Ala. Crim. App. 2003); Ron Pair Enterprises, supra, at 241, 103 L.Ed.2d 290, 109 S.Ct. 1026; Rubin v. United States, 449 U.S. 424, 430, 66 L.Ed. 2d 633, 101 S.Ct. 698 (1981).

## SUMMARY OF THE ARGUMENT

Blackmon is entitled to have his issues properly addressed & adjudicated and ad audiendum considerationem curiam and ad audiendum et determinandum of Blackmon's State & Federal Constitutional issues & Constitutional violations that the Circuit Court have committed during the entire course of Blackmon's pre-trial and trial proceedings.

9

# ARGUMENT

The Circuit Court's Summary Denial Of Blackmon's Rule 32 Petition Was Not Properly Within The Circuit Court's Discretion Because The Circuit Court's Failure To File An Order To Have The District Attorney Respond To The Allegations Set Out In Blackmon's Rule 32 Petition, And To File An Order Showing Why Blackmon's Petition Should Be Denied And By Showing That This Court Adjudicated His Petition.

Where the Circuit Court of Henry County Summary denied Blackmon's Rule 32 petition was not properly within the circuit courts discretion becaus of that court's abuse of discretion and abuse of process in failure to have the prosecutor show by "affidavits" "certified records" that Blackmon was not entitled to his Rule 32 petition in also ad audiendum et determinandum errors of that Henry County's Circuit Court, (R-88). (R-94).

The Record is silent and does not reflect any showing that the Henry County's Circuit Court filed any Orders having the prosecutor to Respond to Blackmon's Rule 32 petition. Therefore Blackmon's entire petition and allegations must be taken as true, (R-88), Glover v. State, 531 So. 2d 705 (Ala. Crim. App. 1988), (R-94).

Therefore the Henry County's Circuit Court failed to properly adjudicate Blackmon's entire Rule 32 petition and by showing Specific findings of facts under the Ala. R. Crim. P., Rule 32.9 (d) and Rule 32.7 (a).

See also Blount v. State, 572 So. 2d 498 At 502 (Ala. Crim. App. 1990). And where Blackmon's Federal & State Constitutional Rights cannot be abridged by this Circuit Court of Henry County, See Hutcherson v. State, 847 So. 2d 378 At 384 (Ala. Crim. App. 2001); Ex Parte DeBruce, 651 So. 2d 624 At

11

631 (Ala. 1994); and Ex Parte Frazier, 562 So. 2d 560 At 565-566, 569 (Ala. 1989). Where both the Alabama Const. of 1901 & the U.S. Const. protects citizens of this State from being deprived of life or liberty with Due Process of Law.

Therefore if Blackmon has raised both State and Federal Constitutional claims in his Rule 32 petition; then both, the Circuit Court and prosecutor must yeild to relevant Constitutional principles in- which violates Blackmon's Constitutional Rights & privileges contained in his U.S. Const. See also Ex Parte Ebbers, 871 So. 2d 776 At 788 (Ala. 2003).

And Where the Ala. Attorney General and both the prosecutor and Henry County's Circuit Court must be vigilant to correct

12

fundamental errors under lex terrae of
Moore vs. Illinois, 408 U.S. 786, 810, 33
L.Ed. 2d 706, 92 S.Ct. 2562 (1972).

Therefore Blackmon strongly allegare
that he is entitled Not only to this
States post-conviction Procedure Act, but
most of all, he is entitled to a Remedy
by law.

13

# ARGUMENT

Blackmon Is Entitled By Law Of The Ala. Code 1975, § 12-22-240, Because This Ala. Statute has Not Been Repealed, Implied Repeal By The Alabama Legislatures And Therefore Blackmon Allegares That The Circuit Court And Prosecutor Committed Fundamental Error, Plain Error In That Circuit Court's Irregular Process, Resulting In Modifying, Abridging Blackmon's Substantial Rights, His Substantive Due Process And Thus Creating A Miscarriage Of Justice And Leaving The Circuit Court Without In Personam Jurisdiction, Lack Of Jurisdiction; And Exceeded The Courts Jurisdiction Of The Subject Matter Of Each And Every Issue Presented In The Rule 32 Petition Of Blackmon.

Blackmon strongly allegares that he is entitled under the States Ala. Code, 1975 § 12-22-240 because both the trial court and prosecutor committed fundamental

14

error & plain error in the Circuit Court's irregular process and resulted in that Courts lack of Jurisdiction, and exceeded that courts jurisdiction; and jurisdiction of the subject matter.

In this second argument, the appellant asserts that the Henry County's Circuit Court violated each and every Constitutional Right and Amendments availible under the fundamental Rights & privileges in Blackmon's entire trial court's proceedings & every stage of the proceedings.

The Appellant Request for this Hon. Court to take judical Notice of its own record of (cr-04-1076), pursuant to the Ala. Rules of Court; Ala. Rules of Evidence (Art. II) (Rule 201 (a) (b) (c) (d) (e) (f)).

Blackmon allegare that the Circuit Court

15

was without in personam jurisdiction & exceeded their jurisdiction because of the District Courts irregular process of that Courts charging instruments & of the void process of that courts "complaints" and "arrest warrants". Also in violations of Blackmon's U.S. Constitutional Amendments; esp, under his 4th, 5th & 14th U.S. Const. Amend. See (R-16, 20-21, 25-26, 27-30), (R-31-35), (R-36-39), and esp. (R-40-42).

The Henry County's Circuit court exceeded their jurisdiction because Ms. Shirlene Vickers is either an bogus & fictitious name used to endorse the complaint and arrest warrant; and or is not authorized to sign and issue an arrest pursuant to the Ala. Rules of Court; Ala. R. Jud. Adm. Rule 18 I. (A)(i)(2)(c)(d)(2)(a), The Ala.

16

Code 1975, § 12-14-50, § 12-17-250; 251.
See also the Ala. R. Crim. Proc., Rule 2.3, Rule
2.4 under the (Committee Comments) &
the Fed. R. Crim. P., Rule 4 (a)(1), Rule 41
(a) (b) (c) (1) (2) (A) (B) (c), and (D).
Also in violation of the Ala. Code 1975, §§
§ 15-7-1, 15-7-2 (a) (b). Giordenello vs.
U.S., 357 U.S. 480, 485-86, 78 S.Ct. 1245,
1250, 2 L.Ed. 2d 1503 (1958); Leonard v.
State, 1974 Ala. Crim. App. LEXIS 1058;
Illinois v. Gates, 462 U.S. 213, 103 S.Ct.
2317, 76 L.Ed. 2d 527 (1983)
   Also In violation of the U.S. Const.
Art. VI, Sec. 1, Cl. 2. And therefore resulting
in a fictitious warrant and therefore
falsus in uno, falsus in omnibus.
   This is why Blackmon is entitled to
the Ala Code 1975, § 12-22-240, because
his substantive due process & substantial
Rights were abridged & modified to that court.

17

# ARGUMENT

Where Blackmon's Ala. Const. & United States Constitutional Claims Cannot Be Precluded Because He Has Never Waived His Constitutional Amendments And Where Ala. State Rules Of State Practice And Procedures Are In Conflict With The Due Process Clause Of the 14th Amend. U.S. Const.; And Where Blackmon Is Entitled To The "Open Courts" Provision Of Art. One, Section Thirteen, And Lex Terrae Under Pennzoil Co. vs. Texaco, Inc., 481 U.S. 1, 95 L.Ed. 2d 1, 107 S.Ct. 1519.

In Blackmon's last argument to this Appeals court. The appellant allegare that his U.S. Constitutional Amendments & fundamental Rights & privileges and guaranty of liberty was grossly violated and therefore he is entitled to the States "Open Courts" provision under lex terrae of Pennzoil Co. vs. Texaco, Inc.,

18

481 U.S. 1, 95 L. Ed. 2d 1, 107 S.Ct. 1519:

Blackmon has continued to allege that he is entitled under this statute and provision under the Ala. Const. of 1901, Art. 1, Sec. 13 because this statute has never been Repeal or implied Repeal. And therefore is entitled by law to bring his claims under this provision, see U.S. vs. Ron Pair Enterprises, Inc., 489 U.S. 235, 241-42, 103 L.Ed.2d 290, 109 S.Ct. 1026 (1989); Ron Pair Enterprises, Supra at 241, 103 L.Ed. 2d 290, 109 S.Ct. 1026; Rubin v. U.S., 449 U.S. 424, 430, 66 L. Ed. 2d 633, 101 S.Ct. 698 (1981)

Blackmon Raises several United States Constitutional violations & State Constitutional claims inwhich he is entitled for the Circuit Court to hear and

19

address ad curiam.

Where the Henry County's Circuit Court's irregular process & void process of the Henry County's District Court's charging instruments in endorsing a fictitious warrants (R-25-29) (R-31-35) (R-37-39), (R-40-42) (R-49-63).

Where the Henry County's Circuit Court irregular process from the District Court of that county use in their complaints & warrants a unauthorized name as the complainant of a police from the sheriff's Dept. Mr. Clyde Hornsby; who did not witness any corpus delicti or infact a mens rea of Blackmon.

So why did this police officer sign both of Blackmon's complaints and warrants? Officer Hornsby never gave any

20

sworn affidavits pursuant to the Fed. R. Crim. P., Rule 3, Rule 4 (2) (b), Rule 41 (a) (c) (1)    (2) (A) (c) (D), see also the Ala. R. Crim. P., Rule 2.3, Rule 2.4, Rule 4.1 (a) (1) (i) (ii) (iii) (2).

So who gave this police officer the authority to sign Blackmon's charging instruments? Was Ms. Shirlene Vickers authorize to endorse her name and signature on these charging instruments? (R-16-17), (R-19-30), (R-31-35), (R-36-42). See Abelleira v. Dist. Court of Appeal, Third Dist., 17 Cal. 2d 280, 109 P. 2d 942 (1941); Olson v. Dist. Court of Salt Lake County, 71 P. 2d 529 At 533-535 (1937); And Abelleira v. Dist. Court of Appeal, Third Dist., 17 Cal. 2d 280, 109 P. 2d 942 At 946-949 (1941); And RobRock v. RobRock, 105 Ohio App. 25, 151 N.E. 2d 234 At 238 (1956); Ex Parte Ebbers, 871 so. 2d 776 At 788 (Ala. 2003).

21

The alleged victims; Jack Murphy & Ann Murphy accused Todd R. Blackmon of the crime but never came forth to give any sworn written depositions; sworn affidavits and most of all to sign any complaints as the jurat under oath, and in front of a authorized officer & agent of the court.

Therefore this unauthorized police officer took on his own initiative to "Rubber stamp" the District Courts charging instruments `illegally' and in violation of the 4th Amend. U.S. Const.

Therefore the Circuit Court was without in personam jurisdiction and exceed the Courts jurisdiction without authority to render judgment against Todd Blackmon. (R- 25 - 28) (R-31- 35) ( R- 49- 63), (R-64-76). And in violation of the Code of Ala. 1975, § 15-7-2 (a) (b)

22

# CONCLUSION

Based on the foregoing, the judge's Ruling to deny Blackmon's Rule 32 petition without an Order to have the prosecutor to Respond on the merits of this petition should be Remanded back to the trial court to determine each issue presented for Review in this Court.

Respectfully Submitted by,

_Todd Ray Blackmon_
Todd Ray Blackmon
AIS# 239084 C-1 BD-12
Post Office Box 1107
Elmore, Al 36025-1107

23

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August, 2006 I have served a copy of the appellant's brief of the foregoing on the Attorney General, Mr. Troy King, (via-hand mail box) and delivered to the Alabama Court of Criminal Appeals, for service on the Attorney General, by placing the same in the United States Mail, first class, postage prepaid. And also certify that the font style used in the handwriting constitutes the closest approximation of Courier New 13 Reasonable available under the circumstances. And addressed as follows:

Mr. Troy King: Attorney Gen.
via hand mail box
Court Of Criminal Appeals
Post Office Box 301555
Montgomery, Al 36130-1555

Todd Ray Blackmon
Todd Ray Blackmon
AIS# 239084
C-1 BD-12
Post Office Box 1107
Elmore, Al 36025-1107

24

COURT OF CRIMINAL APPEALS NO. _____

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

## FROM

## CIRCUIT COURT OF ___HENRY___ COUNTY, ALABAMA

CIRCUIT COURT NO. ___CC-2003-168.60-169.60___

CIRCUIT JUDGE ___Edward Jackson___

Type of Conviction / Order Appealed From: ___Rule 32_____

Sentence Imposed: _____

Defendant Indigent: [X] YES [ ] NO

TODD RAY BLACKMON

_____

(Appellant's Attorney) _____ (Telephone No.)

(Address)

(City) _____ (State) _____ (Zip Code)

NAME OF APPELLANT

## STATE OF ALABAMA

V.

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter name and address of municipal attorney below.

_____

_____

NAME OF APPELLEE

(For Court of Criminal Appeals Use Only)

# CLERK'S INDEX

|  | PAGE NUMBER |
|---|---|
| PETITION FOR RELIEF | 1-48 |
| PETITIONER'S  MOTION IN ARREST OF JUDGMENT | 49-63 |
| PETITIONER'S MOTION FOR NEW TRIAL | 64-76 |
| PETITIONER'S NOTICE OF APPEAL | 77-79 |
| COURT OF CRIMINAL APPEALS DOCKETING STATEMENT | 80-81 |
| REPORTER'S  TRANSCRIPT ORDER | 82 |
| NOTICE OF APPEAL TO AL CT  OF CRIMINAL APPEALS | 83 |
| CASE ACTION SUMMARY | 84-94 |
| CERTIFICATION OF COMPLETION | 95 |

# IN THE CIRCUIT COURT OF HENRY COUNTY, ALABAMA

TODD RAY BLACKMON,
      Petitioner,

  VS.                        **Case No. CC-03-168; 03-169.6(**

STATE OF ALABAMA,
      Respondent.

---

## PETITIONER'S MOTION IN OBJECTION TO THE ALABAMA RULES OF CRIMINAL PROCEDURE, RULE 32.2 PRECLUSION OF GROUNDS TO DISPOSE OF PETITIONER'S UNITED STATES CONSTITUTIONAL CLAIMS & ALABAMA'S CONSTITUTIONAL CLAIMS RAISED IN THE PETITIONER'S RULE -2 PETITION

---

    COMES NOW the petitioner in proper Todd Ray Blackmon in the above style cause and moves this Honorable Court in this motion in objection to the <u>Ala. R. Crim. P., Rule 32.2</u> preclusion of grounds to dispose of the petitioner's <u>U.S. Const.</u> & <u>Ala. Const. of 1901</u>, claims in the District attorneys / STATES motion to dismiss and the Hon. Courts dismissal in any ORDER(s) that this Honorable deems to file on the behalf of the State to preclude this petitioner from addressing.

    And states the following grounds, as follows:

  1.)   The <u>14th Amendment</u> states:

        "All persons born or naturalized in the

United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, to liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

2.) Under _Drayton v. State_, 600 so. 2d 1088 at p. 1089, 1090 (Ala. Crim. App. 1992), the Ala. Court of Criminal Appeals has clearly stated "... Alabama affords a postconviction Remedy by statutory habeas corpus, Ala. Code 1975 §§ 15-21-1 through 15-21-34, and by common law writ of error coram nobis _Goodwin v. Holman_, 361 F. 2d 403 (5th Cir. 1996), Rule 32 is designed to provide the procedure for securing the benefits of either writ, if grounds for relief are shown, of course."

3.) Under the Code of Ala. 1975 §§ 15-21-1 through 15-21-34 & under the Ala. Const. of 1901, Article.1,

17

This privilege shall not be suspended by the authorities of this State. Therefore this statute under the Ala. Legislature has no time statute limitation an or the time limits are inapplicable.

4.) Also under the Code of Ala. 1975 § 12-22-220 Division 6. "Writ of Error." This Ala. Statute also has no time statute limitation period and therefore the strict time limits are inapplicable. See also Drayton v. State, 600 So. 2d 1088 At p. 1089 (Ala. Crim. App. 1992), and Salter v. State, 606 So. 2d 209 at p. 211-212.

5.) Both statutes under the Code of Ala. 1975 §§ 15-21-1 through § 15-21-34 & § 12-22-220 have never been abolished or implied repeal, see Pacific Milling Elevator Co. v. Portland, 65 Or. 349, 133 P. 72, See also 16 Am J2d Const. L § 49; Am J2d Const L § 27.

Under lex terrae and under the United States Constitution of Article Six, sec. 1, Cl. 2, of Connecticut Nat. Bank vs. German, 503 U.S. 249, 117 L. Ed. 2d 391 At p. 394, 397-398, lex terrae in this case clearly defines statutes. In 503 U.S. 117 L. Ed. 2d At p. 397-98 States "... and in interpreting a statute a court should always turn

18

first to one, cardinal canon before all others.
We have stated time and again that courts must
presume that a legislature says in a statute
what it means and means in a statute what it
says there. See e.g. United States v. Ron Pair En-
terprises, Inc., 489 U.S. 235, 241-242, 103 L.Ed.2d
290, 109 S.Ct. 1026 (1989.") See also Rubin v. United
States, 449 U.S. 424, 430, 66 L.Ed. 2d 633, 101 S.Ct.
698 (1981); Oneale v. Thornton, 6 Cranch 53, 68, 3
L.Ed 150 (1810) And Ron Pair Enterprises, supra,
at 241, 103 L.Ed. 2d 290, 109 S.Ct. 1026.


) This petitioner has a constitutional right under
both the federal and Ala. State Const. of 1901, and
under the Ala. Const. of 1901, Article one, section 13
of the "Open Courts" provision in presenting his
State and Federal Constitutional claims for review,
and Constitutional questions. See Pennzoil Co. v.
Texaco, Inc. 481 U.S. at 15-16, 95 L.Ed. 2d, at 18-19.
See also Moore v. Sims, 442 US. at 432, 60 L.Ed.2d
994, 99 S.Ct. 2371; Younger v. Harris, 401 U.S., at 45,
27 L.Ed.2d 669, 91 S.Ct. 746 and Fenner v. Boy-
kin, 271 U.S. 240, 244, 70 L.Ed. 927, 46 S.Ct.
492 (1926). See also the petitioners exhibits
A); his complaint under (DC-02-045 & DC-02-046)

15-7-2 (a) (b) and where this petitioner was not provided with the 'written depositions' of the complainant under oath and subscribed by the person making them also provided under the U.S. Const. 4th Amend, See also Ala. Code 1940, T. 15, § 119 and §§ 120, 121. See 475 U.S. 1031, 106 S.Ct. 1239, 89 L.Ed. 2d 347 (1986); U.S. v. Barber, 140 U.S. 164, 11 S.Ct. 749, 35 L.Ed 396 (1891); Crittenden v. State, 476 So. 2d 626 at P. 629, 630-631, 633 (Ala. Crim. App. 1983); Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (1933); Giordenello v. U.S., 357 US. 480, 78 S.Ct. 1245, 2 L.Ed. 2d 1503 (1958) and Haynes v. State, 50 Ala. App. 96, 277 So. 2d 372 (1973). Therefore placing the petitioner under protection in State v. Bush, 12 Ala. App. 309, 68 So. 492 (1915); Ex parte Rice, 265 Ala. 454, 92 So. 2d 16 (1957).


7.) Where neither the accuser and or complainant Jack Murphy and Ann Murphy signed the charging instrument, pursuant to the Code of Ala. 1975 §§ 15-7-1, 15-7-2 (a)(b), in which the courts process was infact an irregular process and absolutely defectible and ...

8.) Also in the courts irregular process of its charging instruments and its examination of the four (4) corners of an affidavit pursuant to the Ala. Code, 1975 §§ 15-7-1 & 15-7-2(a)(b) in which must be made before a judge or Magistrate concerning the complainant's deposition in writing. Setting forth the specific and essential facts constituting the offense

The complaint consisted of only a 'Bare Bone' conclusion under the stare decisis principles of Crittenden v. State, 476 So. 2d 626 At p. 629-630, 631, 633 (Ala. Crim. App. 1983). In which is "couched in the language of the statute", in which the petitioner was charged. See also Malone v. State, 51 Ala. App. 19, 282 So. 2d 367, writ. quashed, 282 So. 2d 371, 291 Ala. 789 (1973); See also Neugent v. State, 340 So. 2d 43 at p. 44-45, 49.

In the petitioners complaint. This instrument was not signed by the accusers; but by the Sheriff Dept. of Abbeville (Clyde Hornsby). Therefore in Horzempa v. State, 52 Ala. App. 153, 290 So. 2d 217 (1973) and Haynes v. State, 50 Ala. App. 96, 277 So. 2d 372 (1973) the police has acted as an informant; without giving sufficient underlying circumstances to base their probable cause under oath to a judge or Magistrate. See Nathanson v. U.S., 290 U.S. 41, 54 S. Ct. 11, 78 L. Ed 159 (1933).

See also the petitioners exhibit (A), the petitioner's complaint(s) attached with this Motion filed with this Hon. Court. U.S.C.A. 4th Amend. Violation of the petitioners Federal Constitution.

9.) The District court in the petitioner's preliminary stages of the courts proceedings once Retained jurisdiction of the subject matter but ec exceeded its jurisdiction based on the courts irregular process of the petitioner's charging instruments and four corners of the Courts affidavit contained in the courts charging instrument of the complaint. And therefore jurisdiction does not attach and the code of Ala. 1975 §§ 15-21-1 through 15-21-34 esp. in § 15-21-24 (1) (3), see also Robrock vs. Robrock, 105 Ohio App. 25, 151 N.E. 2d 234, 238-39; Olson v. Dist. Court of Salt Lake County, 93 Utah 145, 71 P. 2d 529, 533-535 (1937); Abelleira vs. Dist. Court of Appeals, Third District, 17 Cal. 2d 280, 109 P. 2d 942, 946-949 (1941); And Wuest vs. Wuest, 53 Cal. App. 2d 339, 127 P. 2d 934, 937 (1942).

Therefore this petitioner is entitled to a writ of habeas corpus pursuant to the Ala. Code

10.) In _Nelson v. State_, 50 Ala. App. 285, 278 So. 2d 784 (1973), the Court stated:

> "When Rules of the State practice and procedure conflict with the due process clause of the 14th Amend. of the United States Constitution they must yield to that Amendment."

See also _Ex parte Ebbers_, 871 So. 2d 776 at p. 788 (Ala. 2003); also citing _Coastal Training_, 583 So. 2d at 981 and _Baugh_, 530 So. 2d at 242.

11.) In the annotation of 83 L. Ed. 2d 1112 at 1115, the United States Supreme Court stated: "Under the _6th Amendment_ to the Constitution of the United States, A person accused of a crime has the right to have the assistance of counsel for his defense, and the right to counsel has also been declared to be obligatory upon the States through the due process clause of the 14th Amendment... and, it has since held, however, that the right to counsel must be more than just the right to have some

23

attorney physically present with the accused at criminal proceedings, as that in itself is insuff-icient to protect the accused rights; such a limited view would render the 6th Amendment an empty formality.

2.) IN SUMMARY, by applying the Alabama Rules of Criminal Procedure, i.e. Rule 32.2 to dispose of the petitioner's Rule 32 postconviction petition will present a clear example of the injustice that may result from an inequitable application of Ala. R. Crim. Proc., Rule 32.2 preclusion grounds while the Ala. R. Crim. Proc., Rule 32.2 preclusion grounds, should be followed to foreclose frivolous and Repetitive allegations, they are not to be construed to procedurally foreclose a petitioner from the remedy which a petitioner is due, see Blount v. State, 572 So. 2d 498, 502 (Ala. Crim. App. 1990); Ex parte Frazier, 562 So. 2d 560 At p. 565-566, 569 (Ala. 1989).

Therefore this petitioner is entitled under this Hon. Court for this court to hear and pro-perly address each U.S. Constitutional issue under the U.S. 14th Amend. and the Ala. Const. of 1901, Art.

ALABAMA JUDICIAL INFORMATION SYSTEM

\* \* \* IN THE DISTRICT COURT OF HENRY COUNTY \* \* \*

AGENCY NUMBER: 0112039

WARRANT NUMBER: WR 2002 000042.00
OTHER CASE NBR: DC-02-045

C O M P L A I N T

BEFORE ME THE UNDERSIGNED JUDGE/CLERK/MAGISTRATE OF THE DISTRICT COURT OF
HENRY COUNTY, ALABAMA, PERSONALLY APPEARED   HORNSBY CLYDE
WHO BEING DULY SWORN DEPOSES AND SAYS THAT HE/SHE HAS PROBABLE CAUSE FOR
BELIEVING, AND DOES BELIEVE THAT    TODD RAY BLACKMON             DEFENDANT,
WHOSE NAME IS OTHERWISE UNKNOWN TO THE COMPLAINANT, DID WITHIN THE ABOVE
NAMED COUNTY AND

DID ON OR ABOUT DECEMBER 16, 2001 , WHILE IN THE COURSE OF COMMITTING  OR
ATTEMPTING TO COMMIT A THEFT OF  U S CURRENCY & A SAFE
THE PROPERTY OF, TO-WIT:     JACK MURPHY
USE FORCE OR THREATEN THE IMMINENT USE OF FORCE AGAINST THE PERSON OF THE
SAID   JACK MURPHY                   , OR ANOTHER PERSON PRESENT, WITH THE
INTENT TO OVERCOME HIS PHYSICAL RESISTANCE OR PHYSICAL POWER OF
RESISTANCE OR TO COMPEL ACQUIESCENCE TO THE TAKING OF OR ESCAPING WITH
THE PROPERTY,
( X )   WHILE THE SAID  TODD RAY BLACKMON     , WAS ARMED WITH A
        DEADLY WEAPON OR DANGEROUS INSTRUMENT, TO-WIT:_____
        A HANDGUN
IN VIOLATION OF 13A-008-041------------------------, OF THE CODE OF ALABAMA,
AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA.

*Clyde Hornsby*
COMPLAINANT'S SIGNATURE

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 25 DAY OF JANUARY, 2002.

*Shirlene Vickers*
JUDGE/CLERK/MAGISTRATE OF DISTRICT COURT

CHARGES: ROBBERY 1ST            13A-008-041            F  FELONY

WITNESS FOR THE STATE

HORNSBY CLYDE/SHERIFF DEPT/ABBEVILLE/36310

MURPHY JACK/RT 2 BOX 238/NEWVILLE/36353
MURPHY ANN/RT 2 BOX 238/NEWVILLE/36353
GILMER JOHNNY/SHERIFF DEPT/ABBEVILLE/36310
FENN JOHNNY C/111 ROSE CIRCLE/TROY/36081
WARREN MARGIE/382 COUNTY ROAD 35/CLOPTON/36317

OPERATOR: AGV    DATE: 01/25/2002

# W A R R A N T

STATE OF ALABAMA             HENRY COUNTY                    DISTRICT COURT

AGENCY NUMBER: 0112039           WARRANT NUMBER: WR 2002 000042.00
                                 OTHER CASE NBR:

TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:

YOU ARE HEREBY COMMANDED TO ARREST     TODD RAY BLACKMON   AND BRING
HIM/HER BEFORE THE DISTRICT COURT OF HENRY COUNTY TO ANSWER THE STATE
ON A CHARGE(S) OF:
              ROBBERY 1ST  CLASS: A  TYPE: F  COUNTS: 001
AND HAVE YOU THEN AND THERE THIS WRIT WITH YOUR RETURN  THEREON.

YOU WILL RECEIVE UNTO YOUR CUSTODY AND DETAIN HIM/HER UNTIL THE
__5th__ DAY OF _March _2002_ OR UNTIL LEGALLY DISCHARGED.

DATED THIS 25 DAY OF JANUARY, 2002.

BOND SET AT: (1)      $250,000.00  BOND TYPE: PROPERTY BOND
             (2)  _____
             (3)  _____

_Shirlene Vickers_
JUDGE/CLERK/MAGISTRATE OF DISTRICT  COURT

------------------------------------------------------------

CHARGES: ROBBERY 1ST          13A-008-041          F  FELONY

NAME: TODD RAY BLACKMON                    ALIAS:
ADDRESS: HWY 130 BOX 29                    ALIAS:
ADDRESS:
CITY: LOUISVILLE           STATE: AL      ZIP: 36016 0000
                                          PHONE: 000 000 0000 EXT: 000

  PLOYMENT:
  B: 07/31/1979    RACE: B   SEX: M   HAIR: BLK
EYE: BRO  HEIGHT: 5'11"   WEIGHT: 202
SID: 000000000  SSN: 423067237

------------------------------------------------------------

# E X E C U T I O N

    EXECUTED THE WITHIN WARRANT BY ARRESTING THE DEFENDANT AND
    ( ✓ )  PLACING DEFENDANT IN THE HENRY COUNTY JAIL
    (   )  RELEASING DEFENDANT ON APPEARANCE BOND

------------------------------------------------------------

THIS ____24_____ DAY OF ___JAN_____ 2002

                    _L E Armstrong_
                    SHERIFF

                    _Clyde Hornsby_
                    BY

------------------------------------------------------------

COMPLAINANT:   HORNSBY CLYDE
               SHERIFF DEPT

               ABBEVILLE  AL  36310

OPERATOR: AGV      DATE: 01/25/2002

ALABAMA JUDICIAL INFORMATION SYSTEM

* * * IN THE DISTRICT COURT OF HENRY COUNTY * * *

AGENCY NUMBER: 0112039

WARRANT NUMBER: WR 2002 000045.00
OTHER CASE NBR: DC-02-046

C O M P L A I N T

BEFORE ME THE UNDERSIGNED JUDGE/CLERK/MAGISTRATE OF THE DISTRICT COURT OF HENRY COUNTY, ALABAMA, PERSONALLY APPEARED   HORNSBY CLYDE WHO BEING DULY SWORN DEPOSES AND SAYS THAT HE/SHE HAS PROBABLE CAUSE FOR BELIEVING, AND DOES BELIEVE THAT    TODD RAY BLACKMON            DEFENDANT, WHOSE NAME IS OTHERWISE UNKNOWN TO THE COMPLAINANT, DID WITHIN THE ABOVE NAMED COUNTY AND

DID ON OR ABOUT DECEMBER 16, 2001 , WHILE IN THE COURSE OF COMMITTING   OR ATTEMPTING TO COMMIT A THEFT OF  US CURRENCY & A SAFE_____, THE PROPERTY OF, TO-WIT:    ANN MURPHY                                          , USE FORCE OR THREATEN THE IMMINENT USE OF FORCE AGAINST THE PERSON OF THE SAID   ANN MURPHY                   , OR ANOTHER PERSON PRESENT, WITH THE INTENT TO OVERCOME HER PHYSICAL RESISTANCE OR PHYSICAL POWER OF RESISTANCE OR TO COMPEL ACQUIESCENCE TO THE TAKING OF OR ESCAPING WITH THE PROPERTY.
 ( X )  WHILE THE SAID  TODD RAY BLACKMON    , WAS ARMED WITH A
        DEADLY WEAPON OR DANGEROUS INSTRUMENT, TO-WIT:_____
          A HANDGUN_____;
IN VIOLATION OF 13A-008-041                              OF THE CODE OF ALABAMA,
AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA.

*Clyde Hornsby*
COMPLAINANT'S SIGNATURE

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 25 DAY OF JANUARY, 2002.

*Shirlene Vickers*
JUDGE/CLERK/MAGISTRATE OF DISTRICT COURT

CHARGES: ROBBERY 1ST              13A-008-041            F  FELONY

WITNESS FOR THE STATE

HORNSBY CLYDE/

MURPHY JACK/RT 2 BOX 238/NEWVILLE736353
MURPHY ANN/RT 2 BOX 238/NEWVILLE/36353
GILMER JOHNNY/SHERIFF DEPT/ABBEVILLE/36310
FENN JOHNNY C/111 ROSE CIRCLE/TROY/36081

OPERATOR: AGV    DATE: 01/25/2002

27

# W A R R A N T

STATE OF ALABAMA          HENRY COUNTY                    DISTRICT COURT

AGENCY NUMBER: 0112039          WARRANT NUMBER: WR 2002 000045.00
                                OTHER CASE NBR:

TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:     DC02-46

YOU ARE HEREBY COMMANDED TO ARREST    TODD RAY BLACKMON   AND BRING
HIM/HER BEFORE THE DISTRICT  COURT OF HENRY COUNTY TO ANSWER THE STATE
ON A CHARGE(S) OF:
          ROBBERY 1ST   CLASS: A  TYPE: F  COUNTS: 001
AND HAVE YOU THEN AND THERE THIS WRIT WITH YOUR RETURN  THEREON.

YOU WILL RECEIVE UNTO YOUR CUSTODY AND DETAIN HIM/HER UNTIL THE
___5th__ DAY OF __March__ _2002_, OR UNTIL LEGALLY DISCHARGED.

DATED THIS 25 DAY OF JANUARY, 2002.

BOND SET AT: (1)    $250,000.00  BOND TYPE: PROPERTY BOND
             (2)  _____
             (3)  _____

_Shirlene Vickers_
_JUDGE/CLERK/MAGISTRATE OF DISTRICT  COURT_

---

CHARGES: ROBBERY 1ST          13A-008-041          F  FELONY

---

NAME: TODD RAY BLACKMON               ALIAS:
ADDRESS: HWY 130 BOX 29               ALIAS:
ADDRESS:
CITY: LOUISVILLE          STATE: AL     ZIP: 36016 0000
                                        PHONE: 000 000 0000 EXT: 000

 )PLOYMENT:
 /B: 07/31/1979   RACE: B    SEX: M    HAIR: BLK
EYE: BRO  HEIGHT: 5'11"  WEIGHT: 202
SID: 000000000  SSN: 423067237

---

## E X E C U T I O N

EXECUTED THE WITHIN WARRANT BY ARRESTING THE DEFENDANT AND
( W )  PLACING DEFENDANT IN THE HENRY COUNTY JAIL
(   )  RELEASING DEFENDANT ON APPEARANCE BOND

---

THIS ___24____ DAY OF ____JAN_____ 2002

                    _S E Armstrong_
                    SHERIFF

                    _Clyde Hornsby_
                    BY

---

COMPLAINANT:  HORNSBY CLYDE

OPERATOR: AGV     DATE: 01/25/2002

ORIGINAL

ALABAMA JUDICIAL DATA CENTER
WARRANT OF ARREST

GJ 2003 000171.00
TERM #: SPR 2003

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF ALABAMA:

INDICTMENT HAS BEEN RETURNED BY THE GRAND JURY OF HENRY COUNTY
AGAINST        BLACKMON TODD RAY
               HWY 130 BOX 29

       LOUISVILLE        AL 36048-0000

CHARGING THE OFFENSE OF:

    ROBBERY 1ST          13A-008-041          CNTS:   1

YOU ARE THEREFORE ORDERED TO ARREST THE PERSON NAMED ABOVE AND BRING THAT
PERSON BEFORE A JUDGE OR MAGISTRATE OF THIS COURT TO ANSWER THE CHARGES
AGAINST THAT PERSON AND HAVE WITH YOU THEN AND THERE THE WARRANT OF ARREST
WITH YOUR RETURN THEREON. IF A JUDGE OR MAGISTRATE OF THIS COURT IS
UNAVAILABLE, OR IF THE ARREST IS MADE IN ANOTHER COUNTY, YOU SHALL TAKE
THE ACCUSED PERSON BEFORE THE NEAREST OR MOST ACCESSIBLE JUDGE OF
MAGISTRATE IN THE COUNTY OF ARREST.

BOND SET AT: 100,000 $.00

DATE ISSUED: 04/07/2003

                              CLERK _____ BY _____

EXECUTED THIS _____16_____ DAY OF ____April____, 2003, BY
ARRESTING THE WITHIN NAMED DEFENDANT ___Todd Ray Blackmon___

Arraignment

5-9-03        9AM            LAW ENFORCEMENT OFFICER
                              BY: ___S.E. Gentry___

DEFENDANT'S FEATURES:

HT: 5'11"  HAIR: BLK    DOB: 07/31/1979
WT: 202  SEX: M   EYE: BRO  RACE: B
SSN: 423067237

ADDTL COMMENTS: _____
_____
_____
_____
_____

/07/2003 GYE

RECEIVED
APR - 8 2003
SHERIFF'S OFFICE
HENRY COUNTY, AL

## RELIEF SOUGHT

WHEREFORE, petitioner Todd Ray Blackmon prays as follows:

1.) That this Court sit as the Court of original jurisdiction to determine the merits of the Federal and Alabama Constitutional claims.

2.) That this Court does not use any Ala. R. Crim. Proc. i.e. Rule 32.2 preclusion grounds in disposing the petitioner's Constitutional (Federal & State) grounds raised in his Rule 32 petition.

3.) That the respondents within a reasonable time prescribed by this Court and file and serve a reply upon the petitioner's motion in objection, supported only by affidavits, certified record and such portions appropriate and material to the issues pursuant to the Ala. R. Crim. Proc., Rule 32.7 (a).

) And if no reply or failure to comply with Ala. R. Crim. Proc., Rule 32.7 (a), The motion shall be deemed submitted on the record, before this Court. Milton Lucas III v. State, 855 so. 2d At p. 1128 (Ala. Crim. App. 2003).

5.) That this Court, with the Respondent treat this Rule 32 petition in part or in all as a State Habeas Corpus pursuant to the Code of Ala, 1975, § 15-21-24 (1) (3) (5).

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy the foregoing motion in objection & reclusion of grounds to dispose of petitioner's ule 32 petition, by U.S. Mail postage prepaid, first class and properly addressed on his the 2 day of May      2006 to the following address:

Hon. Douglas A. Valeska; Dist. Attorney
Post office Box 1632

Respectfully Submitted by,
Todd Ray Blackmon
TODD RAY BLACKMON
#239084 C-1 BD-152
Date May      2 2006

30

## ISSUE ONE.

THE CIRCUIT COURT OF HENRY COUNTY, ALABAMA WAS WITHOUT IN PERSONAM JURISDICTION, LACK OF JURISDICTION, AND EXCESS OF JURISDICTION OF THE SUBJECT MATTER BECAUSE OF THE DISTRICT COURT'S IRREGULAR PROCESS OF THE ABSENCE OF A WRITTEN DEPOSITION CONTAINED IN THE CHARGING INSTRUMENT, IN VOILATION OF THE U.S. CONST. 4th AMENDMENT AND UNDER THE CODE OF ALA. 1975, § 15-7-1 & § 15-7-2 (a)(b), AND UNDER THE FED. R. CRIM. PROC., RULE 3, & RULE 4.

## ARGUMENT.

This Circuit Court was without in personam jurisdiction, lack of jurisdiction, and excess of jurisdiction of the subject matter because of the District Court's irregular process in the absence of the "written deposition", in the Dist. Courts irregular process of the charging instrument; pursuant to the Code of Ala 1975 §§ 15-7-1 & 15-7-2 (a)(b).

The petitioner's Record in the case No. CC-03-168; CC-03-169. See also exhibit (A), the petitioners 'complaint' in the Dist. Court (DC-02-045; 046). See also Ala. Code 1940, T. 15, §§§ 119, 120, 121. Alabama's earliest Codes. Therefore the record is silent and does not reflect any showing of any written depositions.

31

Also in the written deposition in which clearly contains the sworn and subscribed affidavit to a Judge, Magistrate and or Warrant Clerk. Their must be a complete written statement of the essential facts constituting the offense charged. See also the Fed. R. Crim. Proc., Rule 3, Rule 4. See Sale v. State, 68 Ala. 530 (1881); Leonard v. State, 52 Ala. App. 212, 290 So. 2d 673 (1974), 1974 Ala. Crim. App. LEXIS 1058, and Giordenello v. United States, 357 U.S. 480, 78 S. Ct. 1245, 2 L. Ed. 2d 1503 (1958).

Therefore the Circuit Court was in excess of jurisdiction because this court should have known of the clerks record at the begining of the Courts proceeding of the District Courts irregular process of the petitioner's charging instruments, and was without or lack of jurisdiction of the subject matter to adjudg, impose and render the sentences in violation of petitioner's 4th, 5th, 9th, and 14th Amend. U.S.C.A.; and the U.S.C.A., Art. IV, sec. 2, Cl. 1, Art. VI, Sec. 1, Cl. 2, of the U.S. Const. See also Robrock v. Robrock, 105 Ohio App. 25, 151 N.E. 2d 234 238 (1956); Olson v. Dist. Court of Salt Lake County, 3 Utah 145, 71 P. 2d 529, 533-535 (1937).

Blackmon, the petitioner allegates that if the absence of this deposition is not present to the proper authorities, and or the officers of the court. As in §15-7-2(a)(b) Code of Ala. 1975, from the complainant, setting forth the essential facts constituting the offense. Just as in the Fed. R. Crim. P. Rule 3, Rule 4(a), and under the Ala. R. Crim. P. Rule 2.3, Rule 2.4. There can be no probable to issue upon the petitioner.

The record is silent as to why the complainants Mr. Jack Murphy and Ms. Ann Murphy failed to sign the Dist. Court's charging instruments of the complaint. So that means that their was no written deposition from these complainants; nor any written and sworn affidavits under oath to any proper authorities of the court to issue any meaningful arrest warrants as prescribed by law and most of all under the 4th Amendment of the United States Constitution. Thus triggering a gross 'Domino effect' of the U.S. Const. 5th, 6th, 9th & 14th Amend., & esp. the U.S.C.A. (Art. IV, Sec. 2, Cl. 1) and (Art. VI, Sec. 1, Cl. 2). & the Ala. Const. of 1901, Art. 1, Sec. 5; Art. 1, Sec. 6.

Also under the Ala. R. Crim. P., Rule 2.4, Rule 3.1 of the Committee Comments & where judicial officers of the court must exercise independent judgment in the performance of their duties must also be neutral and detached from law enforcement function, prosecution or police officers & consistent with the stare decisis doctrine of lex terrae of the U.S. Supreme Court of Giordenello v. U.S. 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed. 2d 1503 (1958); Nathanson v. U.S., 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (1933); Spinelli vs. S., 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 2d 637 (1969)

Even in Blackmon's case and on all fours with these lex terrae stare decisis. Why did the Sheriff Dep't of Abbeville; Mr. Clyde Hornsby sign the Dist. Court's charging instrument of the complaint? And where is his written deposition under oath stating that he witness the alleged actus rea and or mens rea of corpus delicti? See also the Ala. R. Crim. P., Rule 4.1 (a) (i) (ii).

See also the Fed. R. Crim. P., Rule 4 (a), Rule 41 (c) (1) (2) (A) (B) (c) (D).

34

# CONCLUSION.

In the closing of Blackmon's issue one with this Hon. Court. This Court committed serious fundamental error constituting a depravity of the petitioner's fundamental rights & privileges and guaranty of liberty of the petitioner's United States Constitution.

And thus the petitioner's two illegal convictions must be Remanded and vacated by the courts judgment and lack of jurisdiction of the subject matter; in which this Henry County Circuit Court exceeded its jurisdiction under Chappell vs. State, 156 Ala. 188, 47 So. 329 (1908).

## ISSUE TWO.

THE CIRCUIT COURT OF HENRY COUNTY, ALABAMA WAS WITHOUT IN PERSONAM JURISDICTION, LACK OF JURISDICTION, AND EXCESS OF JURISDICTION OF THE SUBJECT MATTER BECAUSE OF THE DISTRICT COURTS IRREGULAR PROCESS OF THE COMPLAINT IN THE CHARGING INSTRUMENT RESULTING IN A BAREBONE ALLEGATION AND A RECITATION OF THE STATUTORY LANGUAGE OF ITS CHARGING INSTRUMENT AND IN VIOLATION OF THE ALA. CODE, 1975 §§ 15-7-1, 15-7-2 (a)(b), § 15-7-3 IN VIOLATION OF THE 4th, 5th, 9th and 14th AMEND. U.S.C.A. Const. AND THE ALA. CONST. OF 1901, ART. 1, SEC. 5.

## ARGUMENT.

This Circuit Court was without in personam jurisdiction, lack of jurisdiction and excess of jurisdiction of the subject matter because of the District Court's irregular process in the Courts "complaint" pursuant to the Fed. R. Crim. Proc., Rule 3, and Rule 4, the Code of Ala. 1975, §§ § 15-7-1, 15-7-2 (a)(b), 15-7-3. See also petitioner's exhibit (A), his complaint from the Henry County, District Court of case No. DC-02-045; DC-02-046.

In the petitioner's complaint(s) and the Dist. Court's irregular process of its charging instruments. This complaint is invalid and defective and thus insufficient for a number of reasons.

First, their is no deposition and or sworn affidavit to fully support the courts complaint, in violation of the petitioner's 4th Amend. U.S.C.A. Const., See also the Fed. R. Crim. Proc., Rule 3. The record is completely silent as to any written statements of the essential facts constituting the offense as charged.

In the Dist. Courts irregular process of there charging instrument(s), this complaint(s) are simply couched in the language of the statute, that amounts to nothing more than a recitation of the statutory language of the affiant's conclusion. See Crittenden v. State, 476 So. 2d 626 At p. 626, 629-631, 633 (Ala. Crim. App. 1983); Malone v. State, 51 Ala. App. 19 At. p. 19, 21, 282 So. 2d 367, Writ. quashea 282 So. 2d 371, 291 Ala. 789 (1973); Neugent v. State 340 so. 2d 43 At p. 44-45 (Ala. Crim. App. 1975) Rev'd on ither grounds, 340 So. 2d 52 (Ala. 1976) And where this Ala. State under the 4th Amend. U.S.C.A. Const. .ust fully exaime the courts charging instrument in arresting the petitioner under the 4 aornors

37

of a affidavit and charging instrument. And thus ~sulting in a "BARE-BONE" conclusion. See also the Ala. R. Crim, Proc. Rules 2.3, Rule 2.4 & Rule 3.1 of Rule 3. Giordenello v. United States, 357 U.S. 480, 485-486, 78 S.Ct. 1245, 1250, 2 L. Ed. 2d 1503 (1958)

Secondly, in the Dist. Courts irregular process of its complaint. The complainant's (Jack Murphy & Ann Murphy), did not sign this complaint. See exhibit (A). If these two people alleged that a crime has been committed against them. Then why did it they sign this complaint and pursuant to the Code of Ala. 1975 § 15-7-2 (a)(b), See Leonard v. State, 52 Ala. App. 212, 290 So. 2d 673 (1974), (1974 Ala. Crim. App. Lexis 1058.

The petitioner strongly asserts that the person who signed this charging instrument is a sheriff for the Dept. of Abbeville. This person Clyde Hornsby is not authorized to sign this complaint because Hornsby did not witness the mens rea of the corpus delicti, and therefore grossly violating the petitioner's 4th, 5th, 6th and 14th Amend. U.S.C.A. Const. & the Ala. Const. of 1901, Art. 1, Sec. 5. See also Chappell v. State, 156 Ala. 188, 47 So. 329 (1908)

38

## CONCLUSION.

This Hon. Court should Remand & vacate the petitioner's illegal two convictions because of the irregular process of the Henry County Dist. Courts charging instrument(s) under the Ala. Const. of 1901, ART. 1, Sec. 5 & under the 4th Amend. U.S.C.A.

## ISSUE THREE.

THE CIRCUIT COURT OF HENRY COUNTY, ALABAMA WAS WITHOUT IN PERSONAM JURISDICTION, LACK OF JURISDICTION, AND EXCESS OF JURISDICTION OF THE SUBJECT MATTER BECAUSE OF THE DISTRICT COURT'S IRREGULAR PROCESS AND THAT COURTS FAILURE AND UNAUTHORIZED SIGNATURE OF SHIRLENE VICKERS; WHO IS NOT A MAGISTRATE NOR LICENSE TO PRACTICE LAW IN THE STATE OF ALABAMA AND IS A CLERK OF THE COURT IN VIOLATION OF THE ALA. RULES OF COURT OF THE RULES OF JUDICIAL ADMINISTRATION, RULE 18 (I.) A) (1) (a) (b) (d) (2) (a), THE CODE OF ALA. 1975, §§§ §§ §§§§ 12-14-50, 12-17-250, 12-17-251, 36-4-1, 3-4-2, 36-4-4, 36-4-5, 36-4-7, 36-4-9, AND THUS IN VIOLATION OF THE UNITED STATES CONSTITUTION AND THE ALA. CONST. OF 1901.

## ARGUMENT.

The petitioner alleges and strongly and boldly asserts that the Circuit Court of Henry County, Alabama was without in personam jurisdiction, lack of jurisdiction and in excess of jurisdiction because of the Dist. Court of Henry County's irregular process of the subject matter because that court was in violation of the petitioner's 4th, 5th, 6th and 14th Amend

Vickers to sign the petitioners two complaints and arrest warrants. See exhibit (A), the Dist. Courts Complaint and exhibit (B), the Dist. Courts arrest warrants (Warrant No. 2002-000045.00) & (Warrant No. 2002-000042.00). And illegally dated for the month of January 25, 2002.

Under the Rules of Judicial Administration, Rule 18 I. (A)(i)(a)(c)(d)(2)(a) of the Ala. Rules of Court, esp. in 18 I. (A)(d)(2)(a), in or for an appointed officer of the court esp. a Magistrate. This person must be licensed to practice law in the State of Alabama. See exhibit (C) a letter from the Ala. State Bar Notarized; stating that this person is not licensed as an attorney.

This petitioner also strongly and bodly asserts under the Ala. Code, 1975 § 36-4-1 (Administration), this statute clearly defines the appointment process and under oath, written out and subscribed by the person taking the same and accompanied with the certificate of the officer administering such oaths. And therefore must be also in complance with other statutes in the Code of Ala. 1975, § 36-4-2, § 36-4-5 and the remainder of the Ala. Code, 1975, statutes already cited. And where under the Ala. Code, 1975, § 15-7-4 in the arrest warrant this person did not initial

what office and or position or titled as prescribed y law in the Alabama Code.

Therefore this circuit court exceeded its jurisdiction because of the Dist. Court's irregular process of the courts charging instrument(s), in which it is the circuits duty to protect any of the petitioner's U.S. Constitutional Amendments, See U.S.C.A. Art. VI, sec. 1, Cl. 2. See Olson v. Dist. Court of Salt Lake County, 93 Utah 145, 71 P.2d 529, 533-535 (1937); Abelleira v. Dist. Court of Appeal, Third Dist., 17 Cal. 2d 280, 109 P.2d 942, 946-949 (1941); and Robrock v. Robrock, 105 Ohio App. 25, 151 N.E. 2d 234, 238-239.

Therefore this entire conviction must be remanded & vacated based on the Dist. Court's irregular process of the Courts charging instruments, and under the Code of Ala. 1975, §15-21-24 (1) (3) (5) and Chappell v. State, 156 Ala. 188, 47 So. 329, (1908).

## CONCLUSION.

Blackmon, the petitioner is entitled to Relief under this original courts jurisdiction & to properly mand his two prior convictions and to Remand and vacate his illegal convictions. Also in which

42

## ISSUE FOUR.

WHERE THE PETITIONER IS ENTITLED TO THE STATE'S PROCEDURAL DUE PROCESS AFFORDED UNDER HIS ALABAMA CONSTITUTION OF 1901, ARTICLE ONE, SECTION THIRTEENTH "COURTS TO BE OPEN; REMEDIES FOR ALL INJURIES; IMPARTIALITY OF JUSTICE" AND UNDER LEX TERRAE OF PENNZOIL CO. VS. TEXACO, INC. 481 U.S. 1, 95 L. ED. 2D 1, 107 S.Ct. 1519, AND IN VIOLATION OF THE PETITIONER'S UNITED STATES CONSTITUTIONAL AMENDMENTS & ARTICLES.

## ARGUMENT.

This petitioner raises numerous U.S. Constitutional claims under his State Habeas Corpus pursuant to the Ala. Code, 1975, §15-21-24 (1) (3) (5) and under lex terrae of Pennzoil Co. vs. Texaco, Inc., 481 U.S. 1, 95 L. Ed. 2d 1, 107 S.Ct. 1519.

The petitioner asserts under the "open courts" provision of the Code of Ala. of the Ala. Const. of 1901, Article 1, Section. 13. Which states:

"That all courts shall be open; and that every person, for any injury done him, in his land, goods, person, or reputation, shall

43

_and Right and justice shall be_
_administered without sale, denial_
_or delay."_


In ~~Ed.~~ Connecticut Nat. Bank vs. German, Id. at
503 U.S. at p.394, 397-398, 117 L.Ed.2d 391, 112
S.Ct. 1146, states:

[503 US 253]  "... In any event, canons of construction
[& 254]  are no more then rules of thumb that
help courts determine the meaning of
legislation, and in interpreting a statute
a court should always turn first to
one, cardinal canon before all others.
We have stated time and again that
courts must presume that a legislature
says in a statute what it means and
means in a statute what it says there.
See e.g. United States v. Ron Pair Enterp-
ises, Inc., 489 U.S. 235, 241-242, 103
L.Ed.2d 290, 109 S.Ct. 1026 (1989); United
States v. Goldenberg, 168 U.S. 95, 102-103, 42
L.ed 394, 18 S.Ct. 3 (1897)."

The stare decisis of the Alabama Supreme Court and
the Ala. Court of Criminal Appeals have also followed the
"law of the land" in their ~~...~~ ~~...~~ ~~...~~

court to follow. In _Bergob v. Scrushy_, 855 So. 2d 523 At p. 526, 531-532 (Ala. Civ. App. 2002). This court has clearly said "The word "shall" is to be afforded a mandatory connotation when it appears in a Statute" See also _State Pees. Bd. v. Prestwood_, 702 So. 2d 176, 179 (Ala. Civ. App. 1997); _Hornsby v. Sessions_, 703 So. 2d 932 (Ala. 1997); _State of Ala. Dep't of Transp. v. McLelland_, 639 So. 2d 1370 (Ala. 1994).

Also in casu consimili under _Milton Lucas III v. State_, 855 So. 2d 1128 at p. 1128 (Ala. Crim. App. 2003) is Appeals court has also followed the stare decisis of the Ala. Supreme Courts opinions of _Waites v. University of Alabama Health Services Foundation_, 838 So. 2d 838 (Ala. 1994); _Jefferson County Commission v. F.O.P._, 543 So. 2d 198 (Ala. 1989). Therefore stating consistently with "... the word "shall" is mandatory when used in a rule promulgated by that court."...

Therefore this petitioner is entitled to the States 'Open Courts' provision, in which this Circuit Court has grossly abridge, enlarged and modified the petitioner's substantive right under his _Ala. Const. of 1901_.

This petitioner strongly alleges that this Circuit Court grossly violated each and every U.S. Constitutional Amendments under the petitioner's fundamental Rights & Privileges, guaranty of liberty and all Mandatory Constitutional provisions contained in the U.S. Constitution; including the U.S. Articles

Why this Circuit Court of Henry County, Alabama Relied on the Henry County's Dist. Courts irregular process of the Dist. Courts charging instruments of the petitioners complaints, Arrest Warrants, and later his indictments.

Why this Hon. Court Relied on a unauthorized and bogus and fictitious name of Ms. Shirlene Vickers as the Henry County Dist. Court's Magistrate. Also in gross violation of the Ala. Rules of Court; under the Ala. R. Jud. Adm., Rule 18 I. (A) (1) (2) esp. (2) (2) & under the Ala. Code 975, §§ 12-14-50, 12-17-250, 12-17-251.

Why this Henry County Circuit Court grossly violated all of the petitioner's U.S. Const. and Ala. Const. of 1901; & Articles by the Henry County 1st. Courts irregular process concerning the petitioner's 'Complaint' Resulting in a 'Bare-bone'

Sworn affidavit, pursuant to the Ala. R. Crim. P., Rule 2.3, Rule 2.4, Rule 3.2 & under the Fed. R. Crim. P., Rule 3, Rule 4 (a) (1), Rule 41 (a) (b) (c) (1) (2) (A) (B) (C) and esp. (D), under the Ala. Code, 1975, §§ 15-7-1, 15-7-2 (a) (b) and other Ala. Statutes and Codes. See also Crittend-en vs. State, 476 So. 2d 626 At p. 629-630, 631, 633-634 (Ala. Crim. App. 1983) and under Illinois v. Gates, 462 U.S. at 213, 239, 103 S.Ct. at 2332. And Giordenello v. U.S., 357 U.S. 480, 78 S.Ct. 245, 2 L.Ed. 2d 1503 (1958).

Also in this Henry County's Circuit Courts excess of jurisdiction of the jurisdiction of the subject matter and lack of jurisdiction under Olson vs. Dist. Court of Salt Lake County, 93 Utah 145, 71 P.2d 529 At p. 533-535 (1937); and Abelleira vs. Dist. Court of Appeal, Third Dist., 2 Cal. 2d 280, 109 P.2d 942 At p. 946-949 (1941).

Why the Henry County's Circuit Court grossly violated each and every Constitutional Right under both State and Federal law when this circuit Court exceeded its jurisdiction because of the Courts irregular process through the

Courts indictment(s), Resulting in the Circuit Court's absence of a written statement of the essential facts constituting the offense charged and or any written statements contained in the petitioner's complaints; depositions pursuant to the Ala. Code, 1925, § 15-7-2 (a) (b), § 15-7-3 and under the Fed. R. Crim. P., Rule 3, Rule 4 (a) and why the petitioner was not entitled to a entire transcript of the whole courts proceedings.

## CONCLUSION.

Therefore this petitioner is completely entitled for this Hon. Court to show why this court grossly violated every U.S. Constitutional amendments and Articles & the Ala. Const. of 1901 and Articles in grossly injuring the petitioner under his Rights, his land, goods, person, Reputation by this Hon. Court and Dist. Court of Henry County, Alabama.

IN THE CIRCUIT COURT OF HENRY COUNTY, ALABAMA

TODD RAY BLACKMON,
                    Petitioner,

VS.                                    CASE No. CC-03-168; 03-169.60

STATE OF ALABAMA,
                    Respondent.



PETITIONER'S MOTION IN ARREST OF JUDGMENT, PURSUANT
TO THE ALABAMA RULES OF COURT; ALA. R. CRIM. PROC., RULE
24.2, RULE 34.1, AND UNDER THE Ala. R. CIV. P., RULE 7 (b),
AND UNDER THE FEDERAL RULES OF CRIMINAL PROCEDURE,
RULE 47.

COMES Now the petitioner Todd Ray Blackmon, in pro per
and proprio jure, in the above style cause and pro re nata
and moves this Hon. Court in this motion in arrest of
judgment, pursuant to the Fed. R. Crim. P., Rule 47, the
Ala. R. Civ. P., Rule 7 (b), the Ala. R. Crim. Proc. Rule 24.2
& Rule 34.1 of the Ala. Rules of Court.

This petitioner Blackmon, will show the following reason
why his illegal conviction(s) in the above case numbers and
should be vactated upon this motion filed and by this
Hon. Court and why this Court does not hold the Courts
jurisdiction of the subject matter and in violation of
United States Constitution & Alabama Constitution
of 1901 & Articles.

The petitioner shall also submit his exhibits from the

49

clerk of the Henry County Circuit Court attached with this motion in arrest of judgment to this Hon. court and shows the following reasons as stated:

1. Blackmon's Constitutional rights were grossly violated under his 4th Amend. of the Federal Const. concerning the irregular process of the Dist. Court's proceedings and under Blackmon's Ala. Const. of 1901 - In the Henry County Dist. Court's irregular process and in violation of the Ala. Code, 1975, §15-7-1, clearly states that a complaint is an allegation made before a proper magistrate, judge and or a warrant clerk. Therefore a complaint must consist of a "written deposition" or a "written statement" of the essential facts; also pursuant to the Fed. R. Crim. P., Rule 3, Rule 4 (a) (i), Rule 41 (c) (1) (2) (a) (c).

: The petitioner strong and boldly allegates that the Dist. Court's charging instrument(s) "The written deposition" and or "statement of essential facts" constituting a 'written statement' is completely void injuria, to inlagh. The record is completely silent on the face of the record. This petitioner is

50

completely entitled to this deposition under the
Ala. Const. of 1901, Art. 1, Sec. 6 which clearly states:

"That in all criminal prosecutions, the accused
has a Right to be heard by himself and
counsel, OR either; to demand the Nature
and cause of the accusation; and to
have a copy thereof;"

See also the Dist. Court's charging instrument(s) of
the Courts complaint of the petitioners exhibits of
Exhibit (A) & (B) Dist Court - 02-045; 02-046
Warrant No: WR-2002-000042.00 & WR-2002-000045.00
The Record is also silent because there was No
valid affidavit attached with this complaint from
Dist. Court's process; Nor the affiant as prescribed
in the Ala. Rules and Federal Rules of Criminal
Procedures, already set out in the petitioners issues
presented to this Hon. Court, and the Number one
in this motion. Under lex terrae of the United
States Supreme Court's stare decisis of Giordenello,
v. U.S., Id. at 357 U.S. 485, 2 L.Ed. 2d at 1509;
Nathanson vs. U.S., 290 U.S. 41, 54 S.Ct. 11, 78 L.ed
9 (1933).
Therefore the Dist. Court's irregular process exceeded

its jurisdiction and therefore this Hon. Court of Henry, County, Alabama is without jurisdiction and lack of jurisdiction under Robrock vs. Robrock, 105 Ohio App. 25, 151 N.E. 2d 234 at p. 238 (1956); Abelleira vs. Dist. Court of Appeal, Third District, 17 Cal. 2d 280, 109 P. 2d 942 at p. 946-949 (1941); Olson vs. Dist. Court of Salt Lake County, 93 Utah 145, 71 P. 2d 529 At p. 533-535 (1937); and Wuest vs. Wuest, 53 Cal. App. 2d 339, 127 P. 2d 934 At p. 936-937 (1942)

3. In the petitioners two (2) exhibits of exhibit (A) & (B), of the complaint and arrest warrant of the warrant No: Dis. Court - 02-045; 02-046 under the (WR: 2002-000042.00) & (2002-000045.00)

The Dist. Court's irregular process exceeded their jurisdiction because both of the Dist. Court's charging instrument(s) is void and totally defective in these instruments and therefore resulting in a 'Bare-bone' conclusion of any written state-ments of the essential facts prescribed by law under the Ala. Statutes governing the procedures and Rules of Court and Federal and State Constitution.

The petitioner's complaint(s) are not accompanied with any affidavit because ...

52

Rule 3, Rule 4 (a), Rule 41 (a) (b) (c) (1) (2) (a) (B) (c) (D), the Ala. R. Crim. Proc., Rule 2.3, Rule 2.4 bp. under the (Committee Comments). See also Leonard v. State, 52 Ala. App. 212, 290 So. 2d 673 (1974), 1974 Ala. Crim. App. LEXIS 1058.

The petitioner allegares that either this Dist. Court's complaint must have a written statement of the essential facts contained in the complaint; or this complaint must be accompanied with an affidavit. Therefore the Dist. Courts charging instrument(s) of this complaint(s) already exhibited and attached with this motion merely parroted rding of a statute and 'couched' in the language of the statute like Crittenden v. State, 476 So. 2d 26 At p. 629-631, 633 (Ala. Crim. App. 1983); Malone, 51 Ala. App. 19, 282 So. 2d 367, writ. quashed, 282 So. 2d 371, 291 Ala. 789 (1973); Mayes, 47 Ala. App. 272, 260 So. 2d 403 (1972); Neugent, 340 So. 2d 43 (Ala. Crim. App. 1975) Rev'd on other grounds, 340 So. 2d 52 (Ala. 1976)

The Circuit Court of Henry County, Alabama was thout in personam jurisdiction, complete jurisdict n. Criminal jurisdiction "" c

exceeded its jurisdiction because the Dist. Court used a fictitious and bogus judge's/magistrate's/clerk's name in signing the Dist. Courts charging instrument(s) of the `Complaint's) & the warrants inwhich are also fictitious warrants under People v. Hayes, 365 Ill. 318, 6 N.E. 2d 645; Pease v. Pease, 35 Conn. 131. And in violation of the petit-ioner's United States Constitutional Amendments under his 4th, 5th, 6th, 9th Amend.; which is a particular right that may not be mentioned in the U.S. Const. belong to the people inwhich still have that right and the petitioner's 14th Amend. Also the U.S. Const. Art. IV, sec. 2, Cl. 1 & Art. VI, sec. 1, Cl. 2; also under the Ala Const. of 1901, Art. 1, sec. 5.

The petitioner strongly and boldly allegares that their is no such person acting under this name that was signed in the Dist. Courts charging instrument(s) of the complaint & arrest warrant and in gross violation of the Ala. Rules of Court under the Ala. R. Jud. Adm., Rule 18. I (A) (i) (2) (c) (d) (2) (a) (B)(i) (2)(b), II. (A) (B), IV. and esp. the 18 of the (Comment). See also the Code of Ala, 1975, 12-14-50, § 12-17-250, § 12-17-251, § 36-4-1, § 32-4-2,

§36-4-4, §36-4-5, §36-4-7 and §36-4-9. All of these titles are taken from the Ala. Code 1975.

5.___  The petitioner's arrest warrant(s), under both exhibits of (A) (B), are also defective and thus void through and by the Henry County's Dist. Court's irregular process. Leaving this Circuit Court lack of jurisdiction and thus exceeded their jurisdiction.

Under the Code of Ala. 1975, § 15-7-3, the judge, Magistrate and or the warrant Clerk who has been properly appointed under the Ala. R. Jud. Adm., Rule 18 I. (A) (1) (2) (b) (c) (d) (2) (a), (B), II. (A) (B), (III.), (IV.). The authorized officers authorized under Rule 18 of the Ala. R. Jud. Adm., must be satisfied from the 'written deposition'.

Therefore the Courts records is completely silen and does not reflect any depositions; nor any 'affidavit(s)'; and or 'written statements' of essential facts as prescribed by the Fed. R. Crim. P., Rule 3, Rule 4 (a) (1), Rule 41 (a) (b) (c) (1) (2) (A) (B) (c) (D). See also petitioner's exhibits (A) & (B) attached with this motion.

Under the Code of Ala. 1975, § 15-7-4 (a), the proper authority must sign the charging instrument(s). Therefore the person who signed the petitioner's charging instrument(s) is a bogus and fictitious name, resulting in a fictitious warrant(s). See also petitioner's exhibit (A-B). ~~from the Alabama State Bar's membership Department, dated~~

Also under the Code of Ala. 1975, § 15-7-4 (b), states in part:

"... and the warrant must be signed by the judge or magistrate, with his name and initials of office..."

See also Oates v. Bullock, 136 Ala. 537, 33 So. 835 1903), 1902 Ala. LEXIS 420.

Under this Ala. Statute of § 15-7-4 (b) of the Ala. Code, 975, the word "shall" generally indicates a command that admits of no discretion on the part of the person instructed to carry out the directive, as used in statutes. his word is generally imperative or mandatory. See de Martinez v. Lamagno, 132 L. Ed. 2d 375, 393 (1995); Rgob v. Scrushy, 855 So. 2d 523 At p. 523, 526 (Ala. v. App. 2002); Milton Lucas III. v. State, 855 So. 2d

Under lex terrae of the U.S. Supreme Court of Connecticut NAT. Bank vs. German (1992) 503 U.S. 249, 117 L.Ed. 2d 391, 112 S.Ct. 1146, Noted:

[503 U.S. 253]

"In any event, canons of construction are no more than rules of thumb that help courts determine the meaning of legislation, and in interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a [503 U.S. 254] legislature says in a statute what it means and means in a statute what it says there. See e.g. United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241-242, 103 L.Ed.2d 290, 109 S.Ct. 1026 (1989); Goldenberg, 168 U.S. 95, 102-103, 42 L.ed 394, 18 S.Ct. 3 (1897)."

Therefore this Henry County Circuit Court was without personam jurisdiction. and was in excess of jurisdiction because of the duty of this Hon. Court, the State and or prosecutor to fully protect the petitioner's U.S. Constitutional Amendments as provided under the Supreme Court Law of the land of Moore v. Illinois, 408 786, 810 343 L.Ed. 2d 706, 92 S.Ct. 2562 (1972); Gile

See also Hanch v. K.F.C. Nat'l Management Corp, (1981, Mo) 615 Sw2d 28, 108 BNA LRRM 2292, 24 ALR 4th 1100; Humphreys v. State (1933) 108 Fla. 92, 145 so. 858; Hard v. State (1934) 228 Ala. 517, 154 So. 77; Gates v. Bank of Commerce & Trust Co. (1931) 185 Ark. 502, 47 Sw2d 806; Claflin v. Houseman (1876) 93 U.S. 130, 93 Otto 130, 23 L.ed 833; Caldwell v. Alabama Dry Dock & shipbuilding Co. (1947, CA5 Ala.) F.2d 83, 12 CCH LC ¶ 63715, Cert. den. (1947).

Therefore this Court lacks jurisdiction under Abelleira vs. Dist. Court of Appeal, Third Dist., 17 Cal.2d 280, 109 P.2d 942 At p. 946-948 (1941); Robrock vs. Robrock, 105 Ohio App. 25, 151 N.E. 2d 234 At p. 238; Olson vs. Dist. Court of Salt Lake County, 93 Utah 145, 21 P.2d 529 at p. 533-535 (1937).


## CONCLUSION.

IN the petitioners both case Numbers of CC-03-68; CC-03-169 should be vacated by this Court and or Appealed from this court to the Ala. Court of Criminal Appeals and or to the highest court of Alabama because of the Circuit Courts Lack of jurisdiction of the subject matter.

ALABAMA JUDICIAL INFORMATION SYSTEM

* * * IN THE DISTRICT COURT OF HENRY COUNTY * * *

AGENCY NUMBER: 0112039

WARRANT NUMBER: WR 2002 000042.00
OTHER CASE NBR: DC-02-045

C O M P L A I N T

BEFORE ME THE UNDERSIGNED JUDGE/CLERK/MAGISTRATE OF THE DISTRICT COURT OF
HENRY COUNTY, ALABAMA, PERSONALLY APPEARED   HORNSBY CLYDE
WHO BEING DULY SWORN DEPOSES AND SAYS THAT HE/SHE HAS PROBABLE CAUSE FOR
BELIEVING, AND DOES BELIEVE THAT    TODD RAY BLACKMON
WHOSE NAME IS OTHERWISE UNKNOWN TO THE COMPLAINANT, DID WITHIN THE ABOVE
NAMED COUNTY AND                                                    DEFENDANT,

DID ON OR ABOUT DECEMBER 16, 2001 , WHILE IN THE COURSE OF COMMITTING   OR
ATTEMPTING TO COMMIT A THEFT OF    D'S CURRENCY & A SAFE_____,
THE PROPERTY OF, TO-WIT:    JACK MURPHY_____,
USE FORCE OR THREATEN THE IMMINENT USE OF FORCE AGAINST THE PERSON OF THE
SAID   JACK MURPHY               OR ANOTHER PERSON PRESENT, WITH THE
INTENT TO OVERCOME HIS PHYSICAL RESISTANCE OR PHYSICAL POWER OF
RESISTANCE OR TO COMPEL ACQUIESCENCE TO THE TAKING OF OR ESCAPING WITH
THE PROPERTY,
   ( X )   WHILE THE SAID TODD RAY BLACKMON    WAS ARMED WITH A
           DEADLY WEAPON OR DANGEROUS INSTRUMENT, TO-WIT:_____
           A HANDGUN
IN VIOLATION OF 13A-008-041_____;_____
AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA,    OF THE CODE OF ALABAMA,

_____
COMPLAINANT'S SIGNATURE

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 25 DAY OF JANUARY, 2002.

_____
JUDGE/CLERK/MAGISTRATE OF DISTRICT COURT

CHARGES: ROBBERY 1ST              13A-008-041              F  FELONY

WITNESS FOR THE STATE

HORNSBY CLYDE/SHERIFF DEPT/ABBEVILLE/36310

MURPHY JACK/RT 2 BOX 238/NEWVILLE/36353
MURPHY ANN/RT 2 BOX 238/NEWVILLE/36353
GILMER JOHNNY/SHERIFF DEPT/ABBEVILLE/36310
FENN JOHNNY C/111 ROSE CIRCLE/TROY/36081
WARREN MARGIE/382 COUNTY ROAD 35/CLOPTON/36317

OPERATOR: AGV    DATE: 01/25/2002

# W A R R A N T

STATE OF ALABAMA                    HENRY COUNTY

AGENCY NUMBER: 0112039                              DISTRICT COURT

WARRANT NUMBER: WR 2002 000042.00
OTHER CASE NBR:

TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:

YOU ARE HEREBY COMMANDED TO ARREST    TODD RAY BLACKMON    AND BRING
HIM/HER BEFORE THE DISTRICT  COURT OF HENRY COUNTY TO ANSWER THE STATE
ON A CHARGE(S) OF:
            ROBBERY 1ST  CLASS: A  TYPE: F  COUNTS: 001
AND HAVE YOU THEN AND THERE THIS WRIT WITH YOUR RETURN  THEREON.

YOU WILL RECEIVE UNTO YOUR CUSTODY AND DETAIN HIM/HER UNTIL THE
--5th-- DAY OF _March 2002, OR UNTIL LEGALLY DISCHARGED.
DATED THIS 25 DAY OF JANUARY, 2002.

BOND SET AT: (1)    $250,000.00  BOND TYPE: PROPERTY BOND
             (2) --------------
             (3) --------------

_Shislene Vickers_

JUDGE/CLERK/MAGISTRATE OF DISTRICT COURT

CHARGES: ROBBERY 1ST                13A-008-041              F  FELONY

NAME: TODD RAY BLACKMON
ADDRESS: HWY 130 BOX 29              ALIAS:
ADDRESS:                            ALIAS:
CITY: LOUISVILLE        STATE: AL    ZIP: 36016 0000
                                    PHONE: 000 000 0000 EXT: 000
EMPLOYMENT:
DOB: 07/31/1979  RACE: B    SEX: M    HAIR: BLK
E: BRO  HEIGHT: 5'11"  WEIGHT: 202
D: 000000000  SSN: 423067237

# E X E C U T I O N

EXECUTED THE WITHIN WARRANT BY ARRESTING THE DEFENDANT AND
( ✓ )   PLACING DEFENDANT IN THE HENRY COUNTY JAIL
(   )   RELEASING DEFENDANT ON APPEARANCE BOND

THIS ____24____ DAY OF ____JAN____                    2002

_L E Armstrong_
SHERIFF

_Clyde Hornsby_
BY

COMPLAINANT:   HORNSBY CLYDE
               SHERIFF DEPT
               ABBEVILLE AL 36310

RATOR: AGV        DATE: 01/25/2002

ALABAMA JUDICIAL INFORMATION SYSTEM

* * * IN THE DISTRICT COURT OF HENRY COUNTY * * *

AGENCY NUMBER: 0112039

WARRANT NUMBER: WR 2002 000045.00
OTHER CASE NBR: DC-02-046

C O M P L A I N T

BEFORE ME THE UNDERSIGNED JUDGE/CLERK/MAGISTRATE OF THE DISTRICT COURT OF
HENRY COUNTY, ALABAMA, PERSONALLY APPEARED   HORNSBY CLYDE
WHO BEING DULY SWORN DEPOSES AND SAYS THAT HE/SHE HAS PROBABLE CAUSE FOR
BELIEVING, AND DOES BELIEVE THAT   TODD RAY BLACKMON
WHOSE NAME IS OTHERWISE UNKNOWN TO THE COMPLAINANT, DID WITHIN THE ABOVE   DEFENDANT,
NAMED COUNTY AND

DID ON OR ABOUT DECEMBER 16, 2001, WHILE IN THE COURSE OF COMMITTING  OR
ATTEMPTING TO COMMIT A THEFT OF  US CURRENCY & A SAFE_____,
THE PROPERTY OF, TO-WIT:     ANN MURPHY_____,
USE FORCE OR THREATEN THE IMMINENT USE OF FORCE AGAINST THE PERSON OF THE
SAID   ANN MURPHY_____, OR ANOTHER PERSON PRESENT, WITH THE
INTENT TO OVERCOME HER PHYSICAL RESISTANCE OR PHYSICAL POWER OF
RESISTANCE OR TO COMPEL ACQUIESCENCE TO THE TAKING OF OR ESCAPING WITH
THE PROPERTY,
  ( X )   WHILE THE SAID   TODD RAY BLACKMON____, WAS ARMED WITH A
             DEADLY WEAPON OR DANGEROUS INSTRUMENT, TO-WIT:_____
             A HANDGUN_____,
IN VIOLATION OF 13A-008-041_____ OF THE CODE OF ALABAMA,
AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA.

*Clyde Hornsby*

COMPLAINANT'S SIGNATURE

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 25 DAY OF JANUARY, 2002.

*Shirlene Vickers*

JUDGE/CLERK/MAGISTRATE OF DISTRICT COURT

CHARGES: ROBBERY 1ST            13A-008-041           F   FELONY

WITNESS FOR THE STATE

HORNSBY CLYDE/

MURPHY JACK/RT 2 BOX 238/NEWVILLE/36353
MURPHY ANN/RT 2 BOX 238/NEWVILLE/36353
GILMER JOHNNY/SHERIFF DEPT/ABBEVILLE/36310
FENN JOHNNY C/111 ROSE CIRCLE/TROY/36081

OPERATOR: AGV     DATE: 01/25/2002

61

W A R R A N T

STATE OF ALABAMA               HENRY COUNTY                    DISTRICT COURT
AGENCY NUMBER: 0112039
                          WARRANT NUMBER: WR 2002 000045.00
                          OTHER CASE NBR:
TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:        DC02-46

YOU ARE HEREBY COMMANDED TO ARREST    TODD RAY BLACKMON   AND BRING
HIM/HER BEFORE THE DISTRICT  COURT OF HENRY COUNTY TO ANSWER THE STATE
ON A CHARGE(S) OF:
            ROBBERY 1ST  CLASS: A  TYPE: F  COUNTS: 001
AND HAVE YOU THEN AND THERE THIS WRIT WITH YOUR RETURN  THEREON.

YOU WILL RECEIVE UNTO YOUR CUSTODY AND DETAIN HIM/HER UNTIL THE
__5th__ DAY OF __March__ __2002__, OR UNTIL LEGALLY DISCHARGED.

DATED THIS 25 DAY OF JANUARY, 2002.

BOND SET AT: (1)    $250,000.00  BOND TYPE: PROPERTY BOND
             (2)  _____
             (3)  _____

_Shirlene Vickers_
JUDGE/CLERK/MAGISTRATE OF DISTRICT  COURT

----------------------------------------------------------------
CHARGES: ROBBERY 1ST            13A-008-041          F  FELONY
----------------------------------------------------------------
NAME: TODD RAY BLACKMON               ALIAS:
ADDRESS: HWY 130 BOX 29               ALIAS:
ADDRESS:
CITY: LOUISVILLE           STATE: AL      ZIP: 36016 0000
                                         PHONE: 000 000 0000 EXT: 000

EMPLOYMENT:
DOB: 07/31/1979   RACE: B    SEX: M    HAIR: BLK
EYE: BRO  HEIGHT: 5'11"  WEIGHT: 202
SID: 000000000  SSN: 423067237
----------------------------------------------------------------
                     E X E C U T I O N
      EXECUTED THE WITHIN WARRANT BY ARRESTING THE DEFENDANT AND
      ( ✓ )  PLACING DEFENDANT IN THE HENRY COUNTY JAIL
      (   )  RELEASING DEFENDANT ON APPEARANCE BOND

----------------------------------------------------------------
THIS ___24___ DAY OF ___JAN___          2002
                      _S E Armstrong_
                      SHERIFF
                      _Clyde Hornsby_
                      BY
----------------------------------------------------------------
COMPLAINANT:  HORNSBY CLYDE


OPERATOR: AGV       DATE: 01/25/2002

62

## RELIEF SOUGHT.

1. That this Hon. Court allow the State/Prosecutor to properly respond to all following reasons stated in this Motion in arrest of judgment.

2. That this Court with the State/Prosecutor produce the appointment information of the person of Shirlene Vickers who signed her name as a Dist. Court Magistrate of Henry County; in the petitioner's charging instrument(s) of the Dist. Courts complaint & arrest warrant; & pursuant to the Ala. R. JUD. Adm., Rule 18. I (A)(1)(a) esp. (c)(2)(2) of the Ala. Rules of Court. Also under the Code of Ala. 1975, §12-14-50; §12-17-250; §12-17-251.

3. That this Court have the prosecter respond by only affidavits, certified records and such portions appropriate and material to the issues presented in the petitioner's motion and pursuant to the Ala. R. Crim. Proc., Rule 15.4, Rule 15.5(a)(c), Rule 24.2 (a), Rule 34.1, Rule 32.7(a).

4. And if no reply or failure to comply with the Ala. R. Crim. Proc., Rule 32.7(a) and under the petitioner's State Habeas Corpus pursuant to the Ala. Code, 1975, §15-21-24(1)(3)(5), the motion shall be deemed submitted on the record before this Court.

CERTIFICATE OF SERVICE                    Respectfully Submitted by,
hereby certify that I have served a copy of the    Todd R. Blackmon
ing Motion in Arrest of judgment, by U.S. Mail
1st Class, postage prepaid and properly address on this
26 day of June    2006 and to the following
dress: Dist. Attorney: Douglas A. Valeska - P.O. Box 1632 - Dothan, Al 36302-1632

# IN THE CIRCUIT COURT OF HENRY COUNTY, ALABAMA

TODD RAY BLACKMON,
          Petitioner,

VS.                                    CASE No. CC-03-168.60 ; 169.60

STATE OF ALABAMA,
          Respondents,

PETITIONER'S FILES HIS MOTION FOR NEW TRIAL
PURSUANT TO THE ALA. CODE, 1975, TITLE 12-22-133
AND UNDER THE ALA. R. CRIM. PROC., Rule 24, Rule 24.1
(a) (b), RULE 34.1, THE ALA. R. CIV. P., Rule 7 (b), THE
FED. R. CRIM. P., RULES 47 & 49 (a)

---

COMES NOW the petitioner Todd Ray Blackmon
in pro per and proprio jure, in the above style cause
and pro re nata and moves this Hon. Court and in-
vokes the Code of Ala. 1975, § 12-22-133 in the
petitioner's motion for new trial as provided also
pursuant to the Ala. R. Crim. Proc., Rule 24, Rule 24.1
(a)(b), Rule 34.1, the Ala. R. Civ. P., Rule 7 (b) and
the Fed. R. Crim. P., Rule 47 & Rule 49 (a) and
shows the following reasons as stated and with
his exhibits of his charging instruments from the
District Court of Henry County, Alabama, and states

the following:

f.) The petitioner's <u>United States Constitutional Amendments</u> were never protected by this Hon. Court, the district Attorney acting for the State of Alabama and finally by the petitioner's former counsel MR. Sam Clenney, III. And there fore violating Blackmon's <u>4th</u>, <u>5th</u>, <u>6th</u>, <u>9th</u> and <u>14th Amend. U.S.C.A.</u> Also grossly violating Blackmon's <u>Ala. Const. of 1901</u> and <u>articles</u> as well, esp. his <u>Art. 1, § 5</u>, <u>Art 1, § 6</u>, <u>Art. 1, § 13</u> and <u>Art. 1, § 2</u> of the <u>Ala. Const. of 1901.</u>

  First the Henry County's District court irregular process in there charging instruments Resulted in a voidable process concerning that courts failure and absence of any written deposition pursuant to the <u>Code of Ala. 1975, § 15-7-1</u>, & <u>§ 15-7-2 (a) (b)</u>. Where the record record is silent as to any written depositions setting forth the written statement of the essential facts as prescribed by the Federal Constitution and under the <u>Fed. R. Crim. P., Rule 3, Rule 4 (a)</u> and <u>Rule 41</u> (a) (b) (c) (1) (2) (A) (B). See petitioner's exhibits <u>(A) & (B)</u>: The Complaints and Arrest warrants (DC-02-045; 046).

See also _Giordenello v. United States_, 357 U.S. 480, 485-86, 78 S. Ct. 1245, 1250, 2 L. Ed. 2d 1503 (1958); _Illinois v. Gates_, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). See also the _Ala. R. Crim. Pro._, _Rule 2.3_, _Rule 2.4_ and the (Committee Comments) under _Rule 3.1_

And therefore this Circuit Court; along with the District Court of Henry County was also absence of any written affidavits sworn and subscribed resulting in a void process of this charging instruments. Therefore this Circuit Court was without in personam jurisdiction, lack of jurisdiction and exceeded their jurisdiction of the subject matter. See _Robrock v. Robrock_, 105 Ohio App. 25, 151 N.E. 2d 234 At p. 238 (1956); _Abelleira v. Dist. Court of Appeal, Third Dist._, 17 Cal. 2d 280, 109 P. 2d 942 At p. 946-949 (1941); _Olson v. Dist. Court of Salt Lake County_, 93 Utah 145, 71 P. 2d 529 At p. 533-535 (1937)

2.)  The District Court's charging instruments under the petitioner's exhibit (A) & (B); the complaint is also an irregular process because

66

the complaints contained a recitation of the statutory language and or is couched in the language of the statute and fails to meet the four corners. See also Crittenden v. State, 476 So. 2d 626 At p. 629, 630-631, 633 634 (Ala. Crim. App. 1983); Citing Malone v. State 51 Ala. App. 19, 282 So. 2d 367, writ. quash, 282 So. 2d 371, 291 Ala. 789 (1973). See also the Fed. R. Crim. P., Rule 3, Rule 4. Jaben v. U.S., 381 U.S. 214 (1965)

3.) The Circuit Court of Henry County's District was without in personam jurisdiction, Lack of jurisdiction and exceeded the Courts juris-diction because of the District Court's use of a fictitious & bogus unauthorized signa-ture to sign the charging instruments of the complaints and Arrest warrants; also in violation of Ala. R. Jud. Adm., Rule 18. I (A) (1) (2) (c) (d) (2) (a) (B) (1) (a) (b), II. (A) (B), IV of the Ala. R. of Court. See also the Code of Ala. 1975, § 12-14-50, § 12-17-250, § 12-17-251, § 36-4-1, § 36-4-2, § 36-4-4, § 36-4-5, § 36-4-7, § 36-4-9. Therefore the Circuit Court relied on the Dist. Courts irregular

process of that courts charging instruments and of the petitioner's exhibit (A) & (B): the Complaints and Arrest Warrants.

4.) The Circuit Court was without in personam jurisdiction, lack of jurisdiction of the subject matter and exceed the Courts jurisdiction because both of the petitioner's indictments were the result of a irregular process, and a void process because of the absence of any written statements of the essential facts constituting the offense charged pursuant to the Fed. R. Crim. P., Rule 3, Rule 4 (a) consisting in the complaint and affidavit and OR a written statement of the essential facts accompanied with the indictment and OR contained in the indictment. See Russell v. United States, 369 U.S. 749, 763, 82 S. Ct. 1038, 1047, 8 L. Ed. 2d 240 (1962); Russell, 369 U.S. at 765, 82 S. Ct. at 1047; United States v. Bobo, 344 F. 3 d 1076 at p. 1082-1083 (11th Cir. 2003). See exhibit (C) the indictments

Therefore the petitioner's two convictions must be remanded back to the Circuit Court and vacated because of the Henry County's District Courts irregular process of the charging instruments, as exhibited as Exhibit (A) (B) and (C) contained in this Motion for New Trial.

Done this the 26 day of June 26, 2006.

Respectfully Submitted by

Todd R. Blackmon

## RELIEF SOUGHT.

THEREFORE, petitioner Todd Ray Blackmon, prays 's follows:

1. That this Hon. Court sit as the Court of Original jurisdiction to determine the merits of the petitioner's United States federal Constitutional claims and as well as his Ala. Const. of 1901 Constitutional claims under the Ala. Code, 1975, § 12-22-133 and under Green v. State, (1925) Ala. App. LEXIS 339; Exparte Walker, (1994) Ala. LEXIS 329; and Steele v. State, (2004) Ala. Crim. App. LEXIS 115.

2.    That this Hon. Court have the State/prosecutor Respond to each and every U.S. Const. issues And Ala. Const. issues in which they failed to to file any Motions to dismiss at the beginning of the filing on or about 05-15-06 of the petitioners Rule 32 petition.

3.    That this Hon. Court have the State/prosecutor also Respond and produce the appointment information concerning the person Ms. Shirlene Vickers who signed Blackmon's charging instruments of the complaints and Arrest Warrants, pursuant to the Ala. R. Jud. Adm., Rule 18. I (A) (1) (2) (c) (2) (a) of the Ala. Rules of Court. And the Code of Ala. 1975 §12-14-50, §12-17-250, §12-17-251.

4.    That this Hon. Court have the prosecutor/State Respond by only affidavits, certified records and Such portions appropriate and material to the issues presented pursuant to the Ala. R. Crim. P., Rule 34.1, the Ala. R. Civ. P. Rule 7 (b), Fed. R. Crim. P., Rule 47, Rule 49 (a).

    And if no reply or failure to comply upon the petitioners Motion for New Trial, the Motion shall be deemed submitted on the Record ad curiam.

6. That when and if this Hon. Court should find any merits upon the petitioner's United States Constitutional Claims & violation of his Ala. Const. of 1901 Claims. That this Court should remand Blackmon's two convictions back to the trial court to be vacated because of the following reasons contained in the six (6) reasons for Relief Sought in his Motion for New Trial.

Respectfully Submitted &

_Todd R. Blackmon_

Todd Ray Blackmon
# 239084 C-1 BD-152

## CERTIFICATE OF SERVICE

I, hereby certify that I have served a copy of the foregoing Motion For New Trial (eight pages in all) by U.S. Mail, first class, postage prepaid and properly addressed on this the 26 day of June, 2006, and to the following address:

Mr. Douglas A. Valeska: Dist. Attorney
P.O. Box 1632
Dothan, Al 36302-1632.

71

ALABAMA JUDICIAL INFORMATION SYSTEM

* * * IN THE DISTRICT COURT OF HENRY COUNTY * * *

AGENCY NUMBER: 0112039

WARRANT NUMBER: WR 2002 000042.00
OTHER CASE NBR: DC-02-045

C O M P L A I N T

BEFORE ME THE UNDERSIGNED JUDGE/CLERK/MAGISTRATE OF THE DISTRICT COURT OF
HENRY COUNTY, ALABAMA, PERSONALLY APPEARED   HORNSBY CLYDE
WHO BEING DULY SWORN DEPOSES AND SAYS THAT HE/SHE HAS PROBABLE CAUSE FOR
BELIEVING, AND DOES BELIEVE THAT     TODD RAY BLACKMON          DEFENDANT,
WHOSE NAME IS OTHERWISE UNKNOWN TO THE COMPLAINANT, DID WITHIN THE ABOVE
NAMED COUNTY AND

DID ON OR ABOUT DECEMBER 16, 2001 , WHILE IN THE COURSE OF COMMITTING   OR
ATTEMPTING TO COMMIT A THEFT OF _0'S CURRENCY & A SAFE_____
THE PROPERTY OF, TO-WIT:    JACK MURPHY
USE FORCE OR THREATEN THE IMMINENT USE OF FORCE AGAINST THE PERSON OF THE
SAID   JACK MURPHY               , OR ANOTHER PERSON PRESENT, WITH THE
INTENT TO OVERCOME HIS PHYSICAL RESISTANCE OR PHYSICAL POWER OF
RESISTANCE OR TO COMPEL ACQUIESCENCE TO THE TAKING OF OR ESCAPING WITH
THE PROPERTY,
  ( X )   WHILE THE SAID  TODD RAY BLACKMON   , WAS ARMED WITH A
        DEADLY WEAPON OR DANGEROUS INSTRUMENT, TO-WIT:_____
        _A HANDGUN_____;
IN VIOLATION OF 13A-008-041--------------------------; OF THE CODE OF ALABAMA,
AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA.

*Clyde Hornsby*
COMPLAINANT'S SIGNATURE

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 25 DAY OF JANUARY, 2002.

*Shirlene Vickers*
JUDGE/CLERK/MAGISTRATE OF DISTRICT COURT

CHARGES: ROBBERY 1ST          13A-008-041        F  FELONY

WITNESS FOR THE STATE

HORNSBY CLYDE/SHERIFF DEPT/ABBEVILLE/36310

MURPHY JACK/RT 2 BOX 238/NEWVILLE/36353
MURPHY ANN/RT 2 BOX 238/NEWVILLE/36353
GILMER JOHNNY/SHERIFF DEPT/ABBEVILLE/36310
FENN JOHNNY C/111 ROSE CIRCLE/TROY/36081
WARREN MARGIE/382 COUNTY ROAD 35/CLOPTON/36317

OPERATOR: AGV    DATE: 01/25/2002

72

# W A R R A N T

STATE OF ALABAMA          HENRY COUNTY                    DISTRICT COURT

AGENCY NUMBER: 0112039              WARRANT NUMBER: WR 2002 000042.00
                                    OTHER CASE NBR:

TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:

YOU ARE HEREBY COMMANDED TO ARREST    TODD RAY BLACKMON    AND BRING
HIM/HER BEFORE THE DISTRICT COURT OF HENRY COUNTY TO ANSWER THE STATE
ON A CHARGE(S) OF:
          ROBBERY 1ST  CLASS: A  TYPE: F  COUNTS: 001
AND HAVE YOU THEN AND THERE THIS WRIT WITH YOUR RETURN THEREON.

YOU WILL RECEIVE UNTO YOUR CUSTODY AND DETAIN HIM/HER UNTIL THE
__5th__ DAY OF _March 2002_, OR UNTIL LEGALLY DISCHARGED.

DATED THIS 25 DAY OF JANUARY, 2002.

BOND SET AT: (1)    $250,000.00  BOND TYPE: PROPERTY BOND
             (2) _____
             (3) _____

_Shirlene Vickers_

JUDGE/CLERK/MAGISTRATE OF DISTRICT COURT

---

CHARGES: ROBBERY 1ST          13A-008-041          F FELONY

---

NAME: TODD RAY BLACKMON                  ALIAS:
ADDRESS: HWY 130 BOX 29                   ALIAS:
ADDRESS:
CITY: LOUISVILLE          STATE: AL        ZIP: 36016 0000
                                           PHONE: 000 000 0000 EXT: 000

EMPLOYMENT:
DOB: 07/31/1979    RACE: B    SEX: M    HAIR: BLK
EYE: BRO  HEIGHT: 5'11"   WEIGHT: 202
SID: 000000000  SSN: 423067237

---

## E X E C U T I O N

EXECUTED THE WITHIN WARRANT BY ARRESTING THE DEFENDANT AND

( ✓ )  PLACING DEFENDANT IN THE HENRY COUNTY JAIL

(   )  RELEASING DEFENDANT ON APPEARANCE BOND

---

THIS ____24____ DAY OF ____JAN____ 2002

                        _S E Armstrong_
                        SHERIFF

                        _Clyde Hornsby_
                        BY

---

COMPLAINANT:  HORNSBY CLYDE
              SHERIFF DEPT

              ABBEVILLE  AL  36310

OPERATOR: AGV      DATE: 01/25/2002

ALABAMA JUDICIAL INFORMATION SYSTEM

* * * IN THE DISTRICT COURT OF HENRY COUNTY * * *

AGENCY NUMBER: 0112039

WARRANT NUMBER: WR 2002 000045.00
OTHER CASE NBR: DC-02-046

C O M P L A I N T

BEFORE ME THE UNDERSIGNED JUDGE/CLERK/MAGISTRATE OF THE DISTRICT  COURT OF
HENRY COUNTY, ALABAMA, PERSONALLY APPEARED   HORNSBY CLYDE
WHO BEING DULY SWORN DEPOSES AND SAYS THAT HE/SHE HAS PROBABLE CAUSE FOR
BELIEVING, AND DOES BELIEVE THAT    TODD RAY BLACKMON              DEFENDANT,
WHOSE NAME IS OTHERWISE UNKNOWN TO THE COMPLAINANT, DID WITHIN THE ABOVE
NAMED COUNTY AND

DID ON OR ABOUT DECEMBER 16, 2001 , WHILE IN THE COURSE OF COMMITTING  OR
ATTEMPTING TO COMMIT A THEFT OF  US CURRENCY & A SAFE_____,
THE PROPERTY OF, TO-WIT:    ANN MURPHY
USE FORCE OR THREATEN THE IMMINENT USE OF FORCE AGAINST THE PERSON OF THE
SAID    ANN MURPHY                   , OR ANOTHER PERSON PRESENT, WITH THE
INTENT TO OVERCOME HER PHYSICAL RESISTANCE OR PHYSICAL POWER OF
RESISTANCE OR TO COMPEL ACQUIESCENCE TO THE TAKING OF OR ESCAPING WITH
THE PROPERTY,
   ( X )   WHILE THE SAID   TODD RAY BLACKMON  , WAS ARMED WITH A
           DEADLY WEAPON OR DANGEROUS INSTRUMENT, TO-WIT:_____
           A HANDGUN_____,
IN VIOLATION OF 13A-008-041_____ OF THE CODE OF ALABAMA,
AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA.

*Clyde Hornsby*
COMPLAINANT'S SIGNATURE

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 25 DAY OF JANUARY, 2002.

*Shirlene Vickers*
JUDGE/CLERK/MAGISTRATE OF DISTRICT  COURT

CHARGES: ROBBERY 1ST            13A-008-041          F  FELONY

WITNESS FOR THE STATE

HORNSBY CLYDE/                        /              /

MURPHY JACK/RT 2 BOX 238/ABBEVILLE/36353
MURPHY ANN/RT 2 BOX 238/NEWVILLE/36353
GILMER JOHNNY/SHERIFF DEPT/ABBEVILLE/36310
FENN JOHNNY C/111 ROSE CIRCLE/TROY/36081

OPERATOR: AGV    DATE: 01/25/2002

W A R R A N T

STATE OF ALABAMA          HENRY COUNTY          DISTRICT COURT

AGENCY NUMBER: 0112039          WARRANT NUMBER: WR 2002 000045.00
                                OTHER CASE NBR:          DC02-46

TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:

YOU ARE HEREBY COMMANDED TO ARREST    TODD RAY BLACKMON    AND BRING
HIM/HER BEFORE THE DISTRICT COURT OF HENRY COUNTY TO ANSWER THE STATE
ON A CHARGE(S) OF:
                    ROBBERY 1ST  CLASS: A  TYPE: F  COUNTS: 001
AND HAVE YOU THEN AND THERE THIS WRIT WITH YOUR RETURN  THEREON.

YOU WILL RECEIVE UNTO YOUR CUSTODY AND DETAIN HIM/HER UNTIL THE
__5th__ DAY OF _March_ _2002_, OR UNTIL LEGALLY DISCHARGED.

DATED THIS 25 DAY OF JANUARY, 2002.

BOND SET AT: (1)    $250,000.00  BOND TYPE: PROPERTY BOND
             (2) _____
             (3) _____

_Shirlene Vickers_
JUDGE/CLERK/MAGISTRATE OF DISTRICT  COURT

CHARGES: ROBBERY 1ST          13A-008-041          F  FELONY

NAME: TODD RAY BLACKMON                    ALIAS:
ADDRESS: HWY 130 BOX 29                     ALIAS:
ADDRESS:
CITY: LOUISVILLE          STATE: AL          ZIP: 36016 0000
                                             PHONE: 000 000 0000 EXT: 000

EMPLOYMENT:
 DB: 07/31/1979    RACE: B    SEX: M    HAIR: BLK
EYE: BRO  HEIGHT: 5'11"  WEIGHT: 202
SID: 000000000  SSN: 423067237

E X E C U T I O N

    EXECUTED THE WITHIN WARRANT BY ARRESTING THE DEFENDANT AND

    ( ✓ )  PLACING DEFENDANT IN THE HENRY COUNTY JAIL

    (   )  RELEASING DEFENDANT ON APPEARANCE BOND

_____

_____

THIS ___24___ DAY OF ___JAN___                    2002

                    _S E Armstrong_
                    SHERIFF

                    _Clyde Hornsby_
                    BY

COMPLAINANT:  HORNSBY CLYDE

OPERATOR: AGV          DATE: 01/25/2002

75

Grand Jury No. 172          Agency No. 01-12-039H          DC No. 02-046          *CC-03-169*

## INDICTMENT

The State of Alabama

HENRY COUNTY

}

### CIRCUIT COURT
### TWENTIETH JUDICIAL

MARCH Term, 2003

### COUNT 1

The Grand Jury of said county charge that, before the finding of this indictment, TODD RAY BLACKMON, whose name is otherwise unknown to the Grand Jury, did in Henry County, Alabama, while in the course of committing a theft of U.S. CURRENCY, the property of ANN MURPHY, use force or threaten the imminent use of force against the person of ANN MURPHY, with the intent to overcome his physical resistance or physical power of resistance, or to compel acquiescence to the taking of or escaping with the property, while the said TODD RAY BLACKMON was armed with a deadly weapon or dangerous instrument, to-wit: HANDGUN, in violation of Section 13A-8-41 of the Code of Alabama, against the peace and dignity of the State of Alabama.

Douglas Albert Valeska
District Attorney

THE STATE OF ALABAMA
Henry County

THE CIRCUIT COURT
Twentieth Judicial Circuit

THE STATE
vs.
Todd Ray Blackmon

Witnesses:
JOHNNY FENN, 111 ROSE CIRCLE, TROY, AL 36081
JOHNNY GILMER, HENRY COUNTY SHERIFF DEPT, ,
CLYDE HORNSBY, HENRY COUNTY SHERIFF OFFICE,
ABBEVILLE, AL 36310
ANN MURPHY, 6211 ST HWY 27 WEST, NEWVILLE, AL 36353
JACK MURPHY, 6211 ST HWY 27 WEST, NEWVILLE, AL 36353
MARGIE WARREN, 383 CO RD 35, CLOPTON, AL 36317

Charges: 1. ROBBERY FIRST DEGREE

Mr. Todd Ray Blackmon
# 239084 C-1 BD-152
Draper C.C.
Post Office Box 1107
Elmore, Alabama 36025-1107
June 26, 2006



Gypsy Ethridge: Circuit Court
Circuit Clerk Henry County
101 Court Square, Suite J
Abbeville, Alabama 36310-2135

Re: Petitioner's Notice of Appeal/ Court of Crim. App. Docketing
Statement/Reporters transcript Order and Motion in
arrest of Judgment and Motion for New trial enclosed
with this letter to the clerk.

Dear Mr. Ethridge:

I am enclosing my two page Notice of Appeal, my
Court of Crim. App. Docketing Statement, my Reporters
Transcript order form. Also my two separate Motions
(Motion in Arrest of Judgment & Motion for New Trial)
in this letter to the clerks office.
I have also mailed a certified copy (certificate of
service) of my copy of the Notice of Appeal and the
two separate Motions (Motion in Arrest of judgment)
& (Motion for New Trial) to the acting party; the
District Attorney Mr. Douglas A. Valeska of P.O. Box 1632-
Dothan, Al 36302-1632.

Sincerely Yours,
Todd R. Blackmon

77

IN THE CIRCUIT COURT OF HENRY COUNTY, ALABAMA

TODD RAY BLACKMON,
       Petitioner,

vs.                Case No. CC-03-168.60; 169.60

STATE OF ALABAMA,
       Respondents.

---

PETITIONER AND PROPRIO JURE MAKES HIS NOTICE OF APPEAL FROM THE CIRCUIT COURT'S DENIAL OF HIS RULE 32 POST-CONVICTION PETITION & MOTION IN OBJECTION TO THE ALA. R. CRIM. P., RULE 32.2 ECLUSION OF GROUNDS TO DISPOSE OF PETITIONER'S UNITED STATES & ALABAMA CONSTITUTION RAISED IN THE PETITIONER'S RULE 32 PETITION.

---

COMES NOW the petitioner Todd Ray Blackmon, in proper and proprio jure in the above style cause and to this Hon. Court and moves this court in the petitioner's Notice of Appeal, from this circuit court's denial of his Rule 32 post-conviction petition and Blackmon's motion in objection to the Ala. R. Crim. P. Rule 32.2 preclusion of grounds to dispose of petitioner's United States Constitutional issues & Ala. Constitution of 1901 claims and shows the following

1. The petitioner filed his Rule 32 post conviction petition with this Hon. Court on or about 05-15-06. Also in which this petitioner mailed a copy to the District Attorney MR. Douglas A. Valeska; and a copy to the Circuit Clerk; Gypsy Ethridge.

2. The District Attorney failed to file with this Circuit Court any Motions to dismiss the petitioner's U.S. Const. & Ala. Const. of 1901 claims. Contained in the petitioner's Rule 32 petition.

3. The Hon. Court also failed to have filed any Orders in allowing the district attorney to make his response and the Hon. Court failed to file and Order Dismissing the petitioner's Rule 32 post conviction petition And petitioner's motion in objection filed with this Court & clerks office.

Done this the 26 day of June, 2006

CERTIFICATE OF SERVICE

I, hereby certify that I have served a copy of the petitioner's Notice of Appeal (two pages) on this the 26 day of June, 2006 to the Circuit clerk's office and Dist. Attorney MR. D. A. Valeska, by placing the same in the U.S. Mail, first class, postage prepaid and addressed as follows: Douglas A. Valeska - P.O. Box 1632 - Dothan, Al

Respectfully submitted,
Todd Ray Blackmon
TODD RAY BLACKMON
# 239084 C-1 BD-152

APPENDIX BB

State of Alabama
Unified Judicial System

Form ARAP- 26 (front) 8/91

## COURT OF CRIMINAL APPEALS
## DOCKETING STATEMENT

Criminal Appeal Number

_____

**ERAL INFORMATION:**

☑ CIRCUIT COURT ☐ DISTRICT COURT ☐ JUVENILE COURT OF. **HENRY** _____ COUNTY

**TODD RAY BLACKMON** , Appellant

v. ☑ STATE OF ALABAMA ☐ MUNICIPALITY OF _____

| Case Number | Date of Complaint or Indictment | Date of Judgment/Sentence/Order |
|---|---|---|
| CC-03-168; CC-03-169 | 08-15-06 | 06-15-06 |

Number of Days of Trial/Hearing **N/A** Days

Date of Notice of Appeal Oral: _____  Written: **June 26, 2006**

Indigent Status Requested: ☑ Yes ☐ No      Indigent Status Granted: ☑ Yes ☐ No

**3. REPRESENTATION:**

Is Attorney Appointed or Retained? ☐ Appointed ☐ Retained.      If no attorney, will appellant represent self? ☑ Yes ☐ No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)
**Todd Ray Blackmon (in pro per)**      Telephone Number **N/A**

Address **Post Office Box 1107**   City **Elmore**   State **Al**   Zip Code **36025-1107**

**CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| N/A | N/A |
| efendant N/A | Case Number N/A |
| Codefendant N/A | Case Number N/A |

**. TYPE OF APPEAL:** Please check the applicable block.

1 ☐ State Conviction
2 ☑ Post-Conviction Remedy
3 ☐ Probation Revocation
4 ☐ Pretrial Order
5 ☐ Contempt Adjudication
6 ☐ Municipal Conviction
7 ☐ Juvenile Transfer Order
8 ☐ Juvenile Delinquency
9 ☐ Habeas Corpus Petition
10 ☐ Other (Specify) _____

**. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____
2 ☐ Homicide - § _____
3 ☐ Assault - § _____
4 ☐ Kidnapping/Unlawful Imprisonment - § _____
5 ☐ Drug Possession - § _____
6 ☐ Trafficking in Drugs - § _____
7 ☐ Theft - § _____
8 ☐ Damage or Intrusion to Property - § _____
9 ☐ Escape - § _____
10 ☐ Weapons/Firearms - § _____
11 ☐ Fraudulent Practices - § _____
12 ☐ Offense Against Family - § _____
13 ☐ Traffic - DUI - § _____
14 ☐ Traffic - Other - § _____
15 ☑ Miscellaneous (Specify): **2 Counts Robbery** - § **13A-8-41(a)(1)**

**DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed? ☐ Yes ☑ No

**TRANSCRIPT:**

1 Will the record on appeal have a reporter's transcript? ☐ Yes ☑ No
   If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. **N/A** (Date)

. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk? ☑ Yes ☐ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions? ☑ Yes ☐ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive

80

Form ARAP- 26 (back)    8/91

## COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

**POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition either by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| June | | 2006 | Motion in Arrest of Judgment | UNKNOWN | | |
| June | | 2006 | Motion for New trial | UNKNOWN | | |
| | | | | | | |
| | | | | | | |

**NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

The Defendant was charged and convicted to a two count (separate) indictments under Title 13A-8-41 (a) (1) Code of Ala. 1975 of Robbery in the first degree. Also much of the issues will not be known until the brief is transcribed by the circuit court's clerk & until the transcript is completed.

**ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

Issues will not be known until the brief is due and until the transcript is transcribed by the circuit clerks office.
    Therefore all facts are unknown at this time.

**SIGNATURE:**

June 26, 2006                    Todd Ray Blackmon (in pro per)

| State of Alabama<br>Unified Judicial System<br>Form ARAP-1C    8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br>_____ - _____ |

**BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF PEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.**

☑ CIRCUIT COURT ☐ DISTRICT COURT ☐ JUVENILE COURT OF _____ *HENRY,* _____ COUNTY

*TODD RAY BLACKMON* , Appellant

v. ☑ STATE OF ALABAMA ☐ MUNICIPALITY OF _____

| Case Number<br>*CC-03-168., CC-03-169.60* | Date of Judgment/Sentence/Order<br>*06-15-06* |
| Date of Notice of Appeal<br>Oral: Written: *JUNE 26, 2006* | Indigent Status Granted:<br>☑ Yes ☐ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, *CODE OF ALABAMA 1975*).

| *N/A* | *N/A* | *N/A* |
| Signature | Date | Print or Type Name |

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

**MARK PROCEEDINGS REQUESTED:**

COURT REPORTER(S)

A. ☐ **TRIAL PROCEEDINGS** - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.   *N/A*

B. ☐ **ORGANIZATION OF THE JURY** - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)   *N/A*

C. ☐ **ARGUMENTS OF COUNSEL** - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)   *N/A*

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
| D. *N/A* | *N/A* | |
| E. *N/A* | *N/A* | |
| F. *N/A* | *N/A* | |
| G. *N/A* | *N/A* | |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY: (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

| *N/A* | *N/A* | *N/A* |
| Signature | Date | Print or Type Name |

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript

ACR371

ALABAMA JUDICIAL DATA CENTER
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF      HENRY COUNTY
STATE OF ALABAMA VS BLACKMON TODD RAY
JUDGE: S EDWARD JACKSON

APPEAL DATE: 06/29/2006

INDIGENCY STATUS:
GRANTED INDIGENCY STATUS AT TRIAL COURT:
APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:      _X_ YES    _X_ NO
INDIGENT STATUS REVOKED ON APPEAL:                  ___ YES    ___ NO
INDIGENT STATUS GRANTED ON APPEAL:                  _X_ YES    _X_ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E. RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 37/CC 2003 000168.60

ORDER ENTERED(DATE): 06152006 PETITION: X DISMISSED   __DENIED   __GRANTED

POST-JUDGMENT MOTIONS FILED:     DT FILED      DT DENIED      CON BY AGREE
_X_ MOTION FOR NEW TRIAL         06/29/2006
___ MOTION FOR JUDG. OF ACQUIT   _____    _____     _____
___ MOTION TO W/D GUILTY PLEA    _____    _____     _____
___ MOTION FOR ATTY TO W/DRAW    _____    _____     _____
_X_ OTHER *Motion in Arrest of Judgment 6-29-06*   _____    _____     _____

COURT REPORTER(S):
ADDRESS:

APPELLATE COUNSEL #1:
ADDRESS:

PHONE NUMBER:

APPELLATE COUNSEL #2:
ADDRESS:

PHONE NUMBER:

APPELLANT (PRO SE):
ADDRESS:                         BLACKMON TODD RAY
                                 45 KELLY DR
AIS #:                           CLIO                , AL  360170000

APPELLEE (IF CITY APPEAL):
ADDRESS:

I CERTIFY THAT THE INFORMATION PROVIDED
ABOVE IS ACCURATE TO THE BEST OF MY                OPERATOR: SAS
KNOWLEDGE AND I HAVE SERVED A COPY OF              PREPARED: 07/07/2006
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS _7th_ DAY OF _July_, _2006_

_Gypsy Ethridge_
CIRCUIT COURT CLERK

CRO372 *(P. I)*    ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2003 000168.00
PER: GYE                      CASE ACTION SUMMARY
AGE: 1                          CIRCUIT   CRIMINAL                RUN DATE: 05/02/2003
===========================================================================
F CIRCUIT COURT OF    HENRY                                        JUDGE: SEJ

TATE OF  ALABAMA                    VS        BLACKMON TODD RAY
                                              HWY 130 BOX 29
ASE: CC 2003 000168.00
                                              LOUISVILLE, AL  36048 0000
OB: 07/31/1979         SEX: M   RACE: B  HT: 5 11  WT: 202    HR: BLK EYES: BRO
BN: 423067237  ALIAS NAMES:
===========================================================================
HARGE01: ROBBERY 1ST         CODE01: ROB1  LIT: ROBBERY 1ST   TYP: F #: 001
FENSE DATE: 12/16/2001                 AGENCY/OFFICER: 0370000 HORNSBY
ATE WAR/CAP ISS:
ATE  INDICTED: 04/02/2003              DATE ARRESTED: 04/18/2003
ATE  RELEASED:                         DATE    FILED: 04/23/2003
OND   AMOUNT:    $1,000,000.00         DATE  HEARING:
                                            SURETIES:
ATE 1: 05/09/2003    DESC: ARRG        TIME: 0900 A
ATE 2:               DESC:             TIME: 0000
RACKING NOS: DC 2002 000045 00  /                        /
   DEF/ATY: CLENNEY SAMUEL J III         TYPE: A
            108 COURT SQUARE                                          TYPE:
            P O BOX 160
            ABBEVILLE     AL 36310                      00000
ROSECUTOR: VALESKA DOUGLAS A
===========================================================================
H CSE: DC200200004500 CHK/TICKET NO: 0112039         GRAND JURY: 171
   REPORTER: ------------- SID NO:    000000000
  TATUS: JAIL              DEMAND:                          OPER: GYE
===========================================================================
TE    ACTIONS,  JUDGEMENTS,  AND  NOTES
===========================================================================
                         5-2-2    2003
                  This day in open court came the State of Alabama by its
                  District Attorney and the Defendant (in his own proper person
                  and with his attorney, and the Defendant being arraigned on
                  the indictment in this case) (waives arraignment) enters a
                  plea of (not guilty) (not guilty by reason of mental disease or
                  defect). This case is hereby set for trial during the a subsequent
                  term of Court. Defendant is granted  90  days to file any
                  additional pleas or motions.
                                            _____
                                                 JUDGE

1-21-04   Continued Unreached

11-8-04   Motion for Order to Transport filed by
          Doug Valeska, DA

11-8-04   Order filed (Transport Order) /s/ (CWW)

*P. 2*                    **JURY CONVICTION**           *CC-03-168*

## IN THE CIRCUIT COURT OF HENRY COUNTY, ALABAMA

**STATE OF ALABAMA**

                                    **CRIMINAL DIVISION**

**VS.**

*Todd Ray Blackmon*                **CASE NO.** *CC-03-168*

    The Defendant having been indicted and arraigned upon the Indictment on a charge of _Robbery 1st_ , and heretofore having plead not guilty thereto the case was tried before a jury composed of _Chris Padget_ , as foreperson and eleven others. The Jury having been duly empanelled , sworn and charged by the Court according to law , with the Defendant being present in open court with his attorney at each and every stage of proceedings, said jury has now on this date pursuant to their oath found the Defendant guilty of _Robbery 1st_ as charged in the Indictment (a lesser included offense of that charge in the Indictment).

    In accordance with the verdict of the Jury, Defendant is hereby adjudged guilty of _Robbery 1st_ . Defendant being asked if he/she had anything to say why sentence of law should not be pronounced upon him/her, and Defendant says nothing .

    **IT IS THEREFORE ORDERED AND ADJUDGED BY THE COURT** that the Defendant is guilty of said charge.

    ( ) A Sentence hearing is set for the _21st_ day of _January_ , 20_05_ at o'clock ~~M.~~ *8:30 AM* .

    DONE, this the _18_ day of _Nov_ , ~~2002~~ *2004*

_____
                    CIRCUIT JUDGE

### SENTENCING ORDER

AS PUNISHMENT, DEFENDANT IS HEREBY FORMALLY SENTENCED:

( ) to hard labor for Houston County for a term of _____ .

(✓) to the penitentiary of the State of Alabama for a term of _Life_ ~~years~~ ( ) FHOA

P. 3                                            CC-03-168

On the 30th day after the Clerk transmits to the Department of Corrections a copy of this judgment entry and sentence, if the Department has not directed the Sheriff where the Defendant shall be taken for confinement, the Sheriff is hereby ordered to transport. Defendant forthwith to the Department's receiving center at Kilby/Tutweiler (circle) and effectuate the transfer of the Defendant to the custody of the Department. In the event the Department refuses to accept the Defendant in compliance with state law, the Sheriff is ordered to secure the Defendant to the property at the Department's receiving center.

Said sentence shall run ( ) consecutive or ( ) concurrent with case number (s)

_____.

( ) said sentence is suspended for _____ years on the condition of good behavior and payment of all fines, costs, and restitution.

( ) The Defendant is hereby given credit for the days spent incarcerated pending trial.

Defendant is also ordered to pay:

(✓) A fine of $ 5000
(✓) A Victim Compensation Assessment of $ 2500
(✓) All Court Costs.
(✓) Restitution of $ 5121.83 to Jack Murphy
( ) Drug Demand Reduction Act Assessment of $1,000.00.
( ) Alabama Forensics Sciences Trust Fund $100.00.

**ADDITIONAL SENTENCE PROVISION ORDERED ARE:**

( ) Completion of a substance abuse program CRO
( ) The Department of Public Safety is ordered to comply with Alabama Code 13A-12-290 by suspending Defendant's drivers license for six months.
( ) Continued on same bond.
( ) Appeal bond is set at $ _____.
( ) Indigency status granted and free transcript is ordered.

**PROBATION:**

( ) Defendant applies for probation.
( ) Defendant waives application for probation.
( ) Probation hearing is set for the _____ day of _____ 20__ at _____
( ) Defendant to remain on same bond pending probation hearing

DONE this the 21 day of Jan ~~2006~~ 2005

_____
CIRCUIT JUDGE

86

| State of Alabama Unified Judicial System | CASE ACTION SUMMARY CONTINUATION | Case Number |
|---|---|---|
| Form C-7  Rev. 2/79 | | Cc 03-168 |

Style: State of AL Vs Todd Ray Blackmon

Page Number 7 of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 2-22-05 | Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial filed by Sam Clenny, Atty |
| 3/2/05 DA/SL | Motions for Jdgmt of Acquital or New Trial denied. Jackson, Jnd |
| 3-4-05 | Notice of Appeal to Court of Criminal Appeals; Request for Free Transcript and Appointment of Appellate Counsel filed by Sam Clenny, Atty for Def. |
| 3-4-05 | Reporter's Transcript Order - Criminal and Court of Criminal Appeals Docketing Statement filed by Sam Clenny. |
| 8-18-05 | Appeal affirmed. (Ct of Criminal Appeals) |
| 9-12-05 | Application for Rehearing overruled. (Ct of Criminal Appeals) |
| 10-03-05 | Order filed from AL Ct of Criminal Appeals |
| 10-04-05 | Order filed from AL Ct of Criminal Appeals (CC-03-168 & 169) |

State of Alabama
Unified Judicial System

Form C-7 Rev. 2/79

## CASE ACTION SUMMARY
### CONTINUATION

Case Number

CC 03168.60
ID    YR    Number

yle: _State of Al US Todd Ray Blackmon_

Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 5/15-06 | Petition for Relief from Conviction or Sentence filed by Todd Ray Blackmon. |
| 6/15/06 DA/TB | Free copy authorized, Jackson, J. Petition dismissed for failure to state any claim. Jackson, Judge |
| 6-29-06 | Petitioner's Notice of Appeal, Motion for New Trial & Motion in Arrest of Judgment filed by Todd Blackmon. |
| 7-7-06 | Notice of Appeal to the Alabama Court of Criminal Appeals filed by the Trial Court Clerk. |
| 7/17/06 DA/TB | Motions for New Trial and In Arrest of Judgment denied. Jackson, Judge |

```
CRO372              ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2003 000169.00
PER: GYE                   CASE ACTION SUMMARY
AGE:  1                   CIRCUIT   CRIMINAL                  RUN DATE: 05/02/2003
=================================================================================
  E CIRCUIT COURT OF   HENRY                                          JUDGE: SEJ
TATE OF ALABAMA                    VS      BLACKMON TODD RAY
ASE: CC 2003 000169.00                     HWY 130 BOX 29
                                           LOUISVILLE, AL  36048 0000
OB: 07/31/1979        SEX: M  RACE: B  HT: 5 11  WT: 202   HR: BLK EYES: BRO
SN: 423067237  ALIAS NAMES:
=================================================================================
HARGED01: ROBBERY 1ST            CODE01: ROB1  LIT: ROBBERY 1ST   TYP: F #: 001
FFENSE DATE: 12/16/2001                    AGENCY/OFFICER: 0370000 HORNSBY
ATE WAR/CAP ISS:
ATE   INDICTED: 04/02/2003         DATE ARRESTED: 04/18/2003
ATE   RELEASED:                    DATE    FILED: 04/23/2003
OND    AMOUNT:      $100,000.00    DATE  HEARING:
                                       SURETIES:
ATE 1: 05/09/2003   DESC: ARRG        TIME: 0700 A
ATE 2:              DESC:              TIME: 0000
RACKING NOS: DC 2002 000046 00  /                        /
  DEF/ATY: CLENNEY SAMUEL J III          TYPE: A
           106 COURT SQUARE                                        TYPE:
           P O BOX 160
           ABBEVILLE       AL 36310
                                                         00000
ROSECUTOR: VALESKA DOUGLAS A
=================================================================================
H CSE: DC200200004600 CHK/TICKET NO: 0112039        GRAND JURY: 172
  T REPORTER:                  SID NO:        000000000
  TATUS: JAIL                  DEMAND:
=================================================================================                              OPER: GYE
ATE       ACTIONS,  JUDGEMENTS,  AND  NOTES
=================================================================================
```

5-9     2003

This day in open court came the State of Alabama by its
District Attorney and the Defendant (in his own proper person
and with his attorney, and the Defendant being arraigned on
the indictment in this case) (waives arraignment) enters a
plea of (not guilty) (not guilty by reason of mental disease or
defect). This case is hereby set for trial during the _subsequent_
term of Court. Defendant is granted _30_ days to file any
additional pleas or motions.

JUDGE

5-21-04 Continue Until the ___

| State of Alabama Unified Judicial System | CASE ACTION SUMMARY CONTINUATION | Case Number |
|---|---|---|
| Form C-7  Rev. 2/79 | | CC 03 169 |
| | | ID    YR      Number |

)le: State of AL vs Todd Ray Blackmon

Page Number ____ of ____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 22205 | Motion for Judgment of Acquittal or, In the alternative, Motion for New Trial filed by Sam Clenny, atty. |
| 3-2-05 | Motion for Judgment of Acquittal or New Trial denied. /s/ SET |
| 3-4-05 | Notice of Appeal to Ct of Criminal Appeals, Request for Free Transcript and appointment of appellate counsel filed by Sam Clenny, Atty for Def. |
| 3-4-05 | Reporter's Transcript Order - Criminal and Court of Criminal Appeals Docketing Statement filed by Sam Clenny. |

P. 3

CC-03-168

On the 30th day after the Clerk transmits to the Department of Corrections a copy of this judgment entry and sentence, if the Department has not directed the Sheriff where the Defendant shall be taken for confinement, the Sheriff is hereby ordered to transport Defendant forthwith to the Department's receiving center at Kilby/Tutweiler (circle) and effectuate the transfer of the Defendant to the custody of the Department. In the event the Department refuses to accept the Defendant in compliance with state law, the Sheriff is ordered to secure the Defendant to the property at the Department's receiving center.

Said sentence shall run ( ) consecutive or (✓) concurrent with case number (s)

_____

( ) said sentence is suspended for _____ years on the condition of good behavior and payment of all fines, costs, and restitution.

(✓) The Defendant is hereby given credit for the days spent incarcerated pending trial.

Defendant is also ordered to pay:

(✓) A fine of $ 5000
(✓) A Victim Compensation Assessment of $ 2500
( ) All Court Costs.
( ) Restitution of $ _____ to _____.
( ) Drug Demand Reduction Act Assessment of $1,000.00.
( ) Alabama Forensics Sciences Trust Fund $100.00.

**ADDITIONAL SENTENCE PROVISION ORDERED ARE:**

( ) Completion of a substance abuse program CRO
( ) The Department of Public Safety is ordered to comply with Alabama Code 13A-12-290 by suspending Defendant's drivers license for six months.
( ) Continued on same bond.
( ) Appeal bond is set at $_____.
( ) Indigency status granted and free transcript is ordered.

**PROBATION:**

( ) Defendant applies for probation.
( ) Defendant waives application for probation.
( ) Probation hearing is set for the _____ day of _____ 20__ at _____
( ) Defendant to remain on same bond pending probation hearing

DONE this the 21 day of Jan _____ 2005

_____
CIRCUIT JUDGE

91

P. 3                           CC-03-16?

On the 30th day after the Clerk transmits to the Department of Corrections a copy of this judgment entry and sentence, if the Department has not directed the Sheriff where the Defendant shall be taken for confinement, the Sheriff is hereby ordered to transport Defendant forthwith to the Department's receiving center at Kilby/Tutweiler (circle) and effectuate the transfer of the Defendant to the custody of the Department. In the event the Department refuses to accept the Defendant in compliance with state law, the Sheriff is ordered to secure the Defendant to the property at the Department's receiving center.

Said sentence shall run ( ) consecutive or (√) concurrent with case number (s)
_____

( ) said sentence is suspended for _____ years on the condition of good behavior and payment of all fines, costs, and restitution.

(√) The Defendant is hereby given credit for the days spent incarcerated pending trial.

Defendant is also ordered to pay:

(√) A fine of $ 5000
(√) A Victim Compensation Assessment of $ 2500
(√) All Court Costs.
( ) Restitution of $ _____ to _____.
( ) Drug Demand Reduction Act Assessment of $1,000.00.
( ) Alabama Forensics Sciences Trust Fund $100.00.

ADDITIONAL SENTENCE PROVISION ORDERED ARE:

( ) Completion of a substance abuse program CRO
( ) The Department of Public Safety is ordered to comply with Alabama Code 13A-12-290 by suspending Defendant's drivers license for six months.
( ) Continued on same bond.
( ) Appeal bond is set at $_____.
( ) Indigency status granted and free transcript is ordered.

PROBATION:

( ) Defendant applies for probation.
( ) Defendant waives application for probation.
( ) Probation hearing is set for the _____ day of _____ 20__ at _____
( ) Defendant to remain on same bond pending probation hearing

DONE this the 21 day of Jan 2005

_____
CIRCUIT JUDGE

92

P. 2

### JURY CONVICTION

### IN THE CIRCUIT COURT OF HENRY COUNTY, ALABAMA

**STATE OF ALABAMA**

VS.                                    **CRIMINAL DIVISION**

*Todd Ray Blackmon*            CASE NO. *CC-03-169*

The Defendant having been indicted and arraigned upon the Indictment on a charge of *Robbery 1st*, and heretofore having plead not guilty thereto the case was tried before a jury composed of *Chris Padget*, as foreperson and eleven others. The Jury having been duly empanelled, sworn and charged by the Court according to law, with the Defendant being present in open court with his attorney at each and every stage of proceedings, said jury has now on this date pursuant to their oath found the Defendant guilty of *Robbery 1st* as charged in the Indictment (a lesser included offense of that charge in the Indictment).

In accordance with the verdict of the Jury, Defendant is hereby adjudged guilty of *Robbery 1st*. Defendant being asked if he/she had anything to say why sentence of law should not be pronounced upon him/her, and Defendant says nothing.

IT IS THEREFORE ORDERED AND ADJUDGED BY THE COURT that the Defendant is guilty of said charge.

( ) A Sentence hearing is set for the *21st* day of *January*, 20*05* at o'clock ~~M.~~ *8:30 AM.*

DONE, this the *18* day of *Nov* ~~2002.~~ *2004*

_____
CIRCUIT JUDGE

### SENTENCING ORDER

AS PUNISHMENT, DEFENDANT IS HEREBY FORMALLY SENTENCED:

( ) to hard labor for Houston County for a term of _____.

(✓) to the penitentiary of the State of Alabama for a term of *Life*. ( ) FHOA

93

| State of Alabama Unified Judicial System | CASE ACTION SUMMARY CONTINUATION | Case Number |
|---|---|---|
| Form C-7 Rev. 2/79 | | CC-03-16 96 |

Title: State of AL US Todd Ray Blackmon

Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 5-15-06 | Petition for Relief from Conviction or Sentence filed by Todd Ray Blackmon. |
| 6/15/06 DA1T9 | Free of authored Petition dismissed for failure to state any claim. Johnson, Judge |
| 6-29-06 | Petitioner's Notice of Appeal, Motion for New Trial + Motion Lan Arrest of Judgment filed by Todd Blackmon. |
| 7-1-06 | Notice of Appeal to the Alabama Court of Criminal Appeals filed by the Trial Court Clerk |
| 7/7/06 | Same order as CC 03-168. Johnson, Judge |

| State of Alabama<br>Unified Judicial System | **CERTIFICATE OF COMPLETION AND TRANSMITTAL OF RECORD ON APPEAL BY TRIAL CLERK** | Appellate Case Number |
|---|---|---|
| m ARAP-14          Rev. 11/91 | | |

| TO: THE CLERK OF<br>    THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL:    June 29, 2006 |
|---|---|

APPELLANT

    TODD RAY BLACKMON

v.   STATE OF ALABAMA

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of   97   pages) (_____ volumes of 200 pages each and one volume of _____ pages the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this   27th   day of   July  ,  2006  .

_Gypsy Ethridge_
Circuit Clerk

95