IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | |
|---|---|
| TODD RAY BLACKMON, #239 084 | * |
| Petitioner, | * |
| v. | *   1:06-CV-835-MEF |
| | (WO) |
| JAMES DELOACH, *et al.*, | * |
| Respondents. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Todd Blackmon, on September 18, 2006. In his petition, Blackmon seeks to challenge his convictions for Robbery I entered against him by the Circuit Court for Henry County, Alabama, on January 21, 2005.

Upon review of the petition, the court concludes that the instant habeas corpus action should be dismissed because Blackmon has failed to exhaust available state remedies. Specifically, Blackmon affirms that his appeal from the denial of his Rule 32 petition is pending in the Alabama Court of Criminal Appeals. Blackmon, therefore, has failed to exhaust available state remedies with regard to the claims he seeks to present in this court.

**DISCUSSION**

The law is clear that a petition for writ of habeas corpus filed by "a person in custody

pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(1)(b)(1)(A). It is clear from the petition filed herein that Blackmon has not yet exhausted his available state court remedies with respect to each claim presented in the instant habeas petition. This court does not deem it appropriate to rule on the merits of Blackmon's claims for relief without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2).[1]

For these reasons, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Blackmon can pursue his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be DISMISSED without prejudice to afford Petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before 11 October 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is

---

[1] Petitioner argues that he is not able to exhaust state remedies because he does not "have access to support any ground." (Doc No. 1, pg. 5.) Petitioner is advised, however, that he may present his claims to the state court in much the same manner as he seeks to present his claims in this court.

objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of September 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE